UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| YASMINE MAHONE, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>Defendants. | CASE NO. 22-CV-594<br><br>**COMPLAINT FOR VIOLATIONS OF THE UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT, 38 U.S.C. § 4301 *ET SEQ*. – CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

Plaintiff Yasmine Mahone ("Plaintiff"), on behalf of herself and the class of all other similarly situated persons, complaints and alleges upon information and believe, based among other things, upon the investigation made by Plaintiff, alleges as follows:

**I.      NATURE OF THE ACTION**

1.      This is a civil class action brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301 *et seq*. ("USERRA"). It is brought by Plaintiff on behalf of a nationwide Class of all persons similarly situated, including current and former employees of Amazon.com, Inc. ("Amazon"), who were or are currently serving in the United States Armed Services or National Guard.

///

///

## II. PARTIES

2. Plaintiff is a citizen of the United States and a resident of the State of Alabama.

3. Plaintiff was employed by Amazon from July 16, 2020 until she was terminated on October 18, 2020. At all times relevant, Plaintiff worked for Amazon in Bessemer, Alabama.

4. At all times relevant, Plaintiff was in the Alabama Army National Guard ("AANG") and held the rank of Specialist (paygrade E-4).

5. During the relevant times referenced herein, Plaintiff was a qualified employee and member of the uniformed services as defined by 38 U.S.C. §4303(3) and (16).

6. Defendant Amazon is a corporation organized under the laws of the state of Delaware with its principal place of business in the state of Washington. At all relevant times, Amazon was and is an employer as defined by 38 U.S.C. § 4303(4)(A).

7. Whenever and wherever reference is made to individuals who are not named as defendants in this action, but were employees/agents of defendants, or any of them herein, such individuals at all times acted on behalf of defendants named in this action within the scope of their respective employments and agencies.

8. Whenever and wherever reference is made in this Complaint to any conduct of defendants, or any of them, such allegations or references shall also be deemed to mean the conduct of each defendant, acting individually, jointly and severally.

9. At all times relevant to this Complaint, defendants were the agents and employees of their codefendants, and in doing the things alleged in this Complaint were acting within the course and scope of that agency and employment.

10. Plaintiff does not seek any relief greater than or different from the relief sought for the Class of which Plaintiff is a member. This action, if successful, will enforce an important right affecting the public interest and would confer a significant benefit, whether pecuniary or non-pecuniary, on a large class of persons. Private enforcement is necessary and individual prosecution places a disproportionate financial burden on Plaintiff in relation to Plaintiff's stake in the matter.

## III. JURISDICTION AND VENUE

11. The jurisdiction of this court is founded on federal question jurisdiction, 28 U.S.C. §1331, as conferred by 38 U.S.C. §4323(b)(3).

12. Venue is proper because the Company maintains its corporate headquarters in this district, as provided in 38 U.S.C. §4323(c)(2) and 28 U.S.C. §1391(b).

13. Pursuant to 38 U.S.C. § 4323(h), "No fees or court costs may be charged or taxed against any person claiming rights under [USERRA]".

## IV. GENERAL ALLEGATIONS

14. USERRA prohibits "discrimination against persons because of their service in the uniformed services." 38 U.S.C. §4301(a)(3).

15. USERRA protects persons who serve or have served in the uniformed services from acts of discrimination and reprisal; for example, a person "who is a member of, . . . performs, has performed, . . . or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, *retention in employment*, promotion, or any benefit of employment by an employer on the basis of that membership, . . . performance of service, . . . or obligation." 38 U.S.C. § 4311(a) (italics added).

16. "Benefit" is defined as:

> The term 'benefit', 'benefit of employment', or 'rights and benefits' means the terms, conditions, or privileges of employment, including any advantage, profit, privilege, gain, status, account, or interest (including wages or salary for work performed) that accrues by reason of an employment contract or agreement or an employer policy, plan, or practice and includes rights and benefits under a pension plan, a health plan, an employee stock ownership plan, insurance coverage and awards, bonuses, severance pay, supplemental unemployment benefits, vacations, and the opportunity to select work hours or location of employment."

38 U.S.C. §4303(2).

17. Section 4311(c) provides:

> An employer shall be considered to have engaged in actions prohibited:

> (1) under subsection (a), if the person's membership, application for membership, service, application for service, or obligation for service in the uniformed services is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such membership, application for membership, service, application for service, or obligation for service.

38 U.S.C. §4311(c).

18. Section 4312 of USERRA provides:

> [A]ny person whose absence from a position of employment is necessitated by reason of service in the uniformed services shall be entitled to the reemployment rights and benefits and other employment benefits of this chapter…

38 U.S.C. §4312(a).

19. USERRA expressly supersedes any state or local law, agreement, and/or employer policy. 38 U.S.C. § 4302(b); 20 C.F.R. § 1002.7(b).

20. An employee need not request time off or permission to perform military service obligations. The employee must give notice to the employer, such notice may be verbal or written, and need not follow any particular format. 20 C.F.R. §§ 1002.87; 1002.85(b).

21. USERRA provides at a minimum, an employee must have enough time after leaving the employment position to travel safely to the uniformed service site and arrive fit to perform the service. "If the employee performs a full overnight shift for the civilian employer and travels directly from the work site to perform a full day of uniformed service, the employee would not be considered fit to perform the uniformed service. An absence from that work shift is necessitated so that the employee can report for uniformed service fit for duty." 20 C.F.R. § 1002.74(a).

22. Plaintiff is informed and believes and thereon alleges Amazon employs approximately 1,100,000 persons, of whom more than 1,000 are or were members of the United States Armed Services Reserves or National Guard.

23. From her initial hiring with Amazon on July 16, 2020, until she was terminated by Amazon on October 18, 2020, Plaintiff performed various periods of military service obligations that

required her to take military leave.

24. From October 16 through 18, 2020, Plaintiff was performing military service obligations, also known as a "drill weekend." This drill weekend was a three-day period and required Plaintiff's attendance from approximately 7:00 a.m. until 4:30 p.m. each day.

25. Prior to the October drill weekend, Plaintiff timely notified Amazon of her impending military service obligations and took military leave without pay ("LWOP") from Thursday, October 15 through Sunday, October 18.

26. Plaintiff's regular schedule with Amazon was Thursday through Saturday, 5:45 p.m. until 5:45 a.m. the next day so she took military leave on October 15 because she was scheduled to work an overnight shift for Amazon on October 15-16.

27. Amazon employees used a mobile phone application ("app") called "AtoZ" to, among other things, monitor their schedules, view documents such as timesheets, paystubs, etc., and input various human resources inquires such as requests for time off, or in Plaintiff's case the notification of her military service obligations.

28. Amazon, through its AtoZ app and other internal records and databases, keeps track of its employees' time off, paid ("PTO") or unpaid ("UTO").

29. On Sunday, October 18, 2020, Plaintiff was performing military service obligations and received an email from Amazon terminating her employment because her UTO balance was 36 hours, or the three shifts she missed for drill.

30. All of Plaintiff's UTO was due to taking military LWOP to perform military service obligations.

## V. CLASS ACTION ALLEGATIONS

31. Plaintiff brings this action on behalf of herself and all others similarly situated, as a class action pursuant to Rule 23(a) and 23(b)(1), 23(b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure. The nationwide Class which Plaintiff seeks to represent are Amazon employees who are or were members of the United States Armed Services Reserves or National Guard and who took or

have taken military leave while being employed by Amazon.

32. Plaintiff is a member of the Class she seeks to represent.

33. The members of the Class are sufficiently numerous such that joinder of all members is impracticable. Based on its website, Amazon employs nearly 40,000 "veterans and spouses." [available at: https://www.aboutamazon.com/news/workplace/amazon-will-hire-100-000-veterans-and-military-spouses-by-2024]. Although this number does not specify those who did serve or are actively serving in the National Guard or Reserves, Plaintiff is informed and believes that the Class exceeds 1,000 present and former Company employees. The exact size of the Class is ascertainable through Amazon's records, including but not limited to Amazon's employment records.

34. As Amazon does business throughout the nation with hubs and distribution centers in states across the country, the members of the Class are likely geographically dispersed throughout the United States.

35. There are questions of law and fact common to the Class, and these questions predominate over individual questions. Such questions include, without limitation:

    A. whether Amazon's practice of terminating employees because of their military leave violates USERRA;

    B. whether Amazon's acts and practices have violated USERRA by discriminating against its employees who are members of the National Guard or Reserves and have taken military leave;

    C. whether Plaintiff and the Class are entitled to compensatory and/or liquidated damages, and;

    D. whether injunctive and other equitable remedies for the Class are warranted.

36. The named Plaintiff will fairly and adequately represent and protect the interests of the Class and has no conflict of interests with the Class.

37. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. Plaintiff retained adequate counsel who has substantial experience and success in the prosecution of class actions, including USERRA class

actions, and complex business litigation matters.

38. Class certification is appropriate pursuant to Fed. R. Civ. Proc. Rule 23(b)(2) because the Company has acted on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief to Plaintiff and the Class as a whole. The Class members are entitled to injunctive relief to end the Company's practices that have caused military affiliated employees to be terminated because of their military service obligations and to be treated differently than employees without military service obligations.

**VI.     CLAIMS ALLEGED - Violation of 38 U.S.C. § 4301, *et seq*.**

39. Plaintiff hereby alleges and incorporates all paragraphs 1-38 above by reference herein.

40. Plaintiff's protected status as a member of the Alabama Army National Guard was a motivating factor in Amazon's denial of benefits, conditions and privileges of Plaintiff's employment, to include terminating her employment, without good cause.

41. One of the benefits of employment available to the Plaintiff and the Class is the right to retention in employment while performing their military service obligations.

42. Plaintiff and the Class have been terminated for using military leave when that military leave caused a negative balance in their "unpaid time off" ("UTO") accounts.

43. The Amazon's policy of docking its employees' UTO accounts for using military leave then terminating those employees violates USERRA.

44. Plaintiff and the Class's military service obligations were a motivating factor in Amazon's discriminatory actions.

45. Amazon knowingly and willfully violated USERRA, among other ways, by discriminating against Plaintiff and the Class members, and by denying them employment benefits "on the basis of" their "obligation to perform service in a uniformed service."

46. As a direct and proximate result of the conduct of Amazon, as set forth in this count, Plaintiff and the Class have suffered injuries and damages including but not limited to loss of past and

future benefits, all to his damage in an amount to be proven at trial.

47. Plaintiff alleges such violations of USERRA were willful and requests liquidated damages to the Class in an additional amount equal to the present value of their lost wages and other benefits pursuant to Section 4323(d)(1)(C).

## JURY DEMAND

48. Pursuant to Federal Rule of Civil Procedure 38 or any similar rule or law, Plaintiff demands a trial by jury for all causes of action and issues for which trial by jury is available.

## PRAYER FOR RELIEF

**WHEREFORE**, based on the foregoing, Plaintiff prays for relief against Defendants, and each of them, as follows:

1. Determine that this action may proceed and be maintained as a class action, designating Plaintiff as Lead Plaintiff, and certifying Plaintiff as the Class representative under Rule 23 of the Federal Rules of Civil Procedure and their counsel of record as Class Counsel;

2. Declare that the acts and practices complained of herein are unlawful and are in violation of USERRA;

3. Require that Amazon fully comply with the provisions of USERRA by providing Plaintiff and Class Members all employment benefits denied them as a result of Amazon's unlawful acts and practices described herein;

4. Enjoin Amazon from taking any action against Plaintiff and members of the Class that fail to comply with the provisions of USERRA;

5. Award fees and expenses, including attorneys' fees pursuant to 38 U.S.C. §4323(h);

6. Award Plaintiff and the Class prejudgment interest on the amount of lost wages or employment benefits due;

7. Order that Amazon pay compensatory and/or liquidated damages in an amount equal to the amount of lost compensation and other benefits suffered due to their willful violations of USERRA;

8. Grant an award for costs of suit incurred; and

9. Grant such other and further relief as may be just and proper and which Plaintiff and the Class may be entitled to under all applicable laws.

DATED May 4, 2022

/s/ Daniel Kalish
WSBA 35815
Daniel Kalish, Esq.
**HKM Employment Attorneys LLP**
600 Stewart Street, Suite 901
Seattle, WA 98101
Telephone: 206-826-5354
Email: dkalish@hkm.com

Brian J. Lawler*
**PILOT LAW, P.C.**
850 Beech Street, Suite 713
San Diego, CA 92101
Tel: 619-255-2398
Email: blawler@pilotlawcorp.com

Gene J. Stonebarger*
**STONEBARGER LAW, APC**
101 Parkshore Dr., Suite 100
Folsom, CA 95630
Tel: 916-235-7140
Email: gstonebarger@stonebargerlaw.com

Kevin L. Wilson*
**KEVIN WILSON LAW PLLC**
3110 Horton Avenue
Louisville, KY 40220
Telephone: 502-354-3330
Email: kevin@kwilsonlaw.com

*Pro hac vice* application forthcoming

***Counsel for Plaintiff***
***and the Proposed Putative Classes***