UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YASMINE MAHONE and DAIN OLSON, | CASE NO. C22-594 MJP |
| Plaintiffs, | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS |
| v. | |
| AMAZON.COM, INC., | |
| Defendant. | |

This matter comes before the Court on Defendant's Motion to Dismiss and Request for Judicial Notice. (Dkt. Nos. 28 & 30.) Having reviewed the Motion and Request, Plaintiffs' Opposition (Dkt. No. 31), the Reply (Dkt. No. 33) and all supporting materials, the Court GRANTS in part and DENIES in part the Motion and Request for Judicial Notice.

## BACKGROUND

Plaintiffs Yasmine Mahone and Dain Olson allege that their former employer, Defendant Amazon.com Inc., discriminated against them on the basis of their military status and service in violation of the Uniformed Services Employment and Reemployment Rights Act of 1994, 38

U.S.C. § 4301 et seq. ("USERRA"). They also allege that Amazon failed to offer them reinstatement as required USERRA after they were terminated. They bring claims individually and on behalf of similarly-situated employees of Amazon who were or are serving in the United States Armed Services or National Guard.

Amazon seeks dismissal of all of the claims asserted against it, explaining additionally that it believes Plaintiffs sued the wrong entity. (See Mot. at 3 n.1.) It raises jurisdictional arguments about Plaintiff Mahone's standing, and asserts that Olson's claims are barred by laches. It also argues that neither Plaintiff has adequately alleged a USERRA discrimination claim, and that neither is entitled to pursue claims for reinstatement. Lastly, Amazon seeks dismissal of Plaintiffs' requests for declaratory and injunctive relief.

The Court reviews Plaintiffs' allegations and the additional materials Amazon has filed with its Motion and Request for Judicial Notice.

**A.    Factual Allegations**

Mahone worked for Amazon from July 16, 2020 until she was terminated on October 18, 2020. (First Amended Complaint ¶ 19 (Dkt. No. 19).) While Amazon employed her, Mahone performed various periods of military service that required her to take unpaid time off, and that was the only reason she took unpaid time off. (Id. ¶¶ 19, 26.) Prior to her termination, she was required to participate in military service from October 16 through October 18, 2020. (Id. ¶ 20.) She gave Amazon notice of her obligation and that she would take unpaid time off. (Id. ¶¶ 20-21.) "On Sunday, October 18, 2020, Plaintiff Mahone was performing military service obligations when she received an email from Amazon terminating her employment because her UTO [unpaid time off] balance was 36 hours, which was a direct result of the three shifts she missed for the military drill weekend." (Id. ¶ 25.)

Olson worked for Amazon from May 9, 2016 to September 22, 2016, during which he also had military obligations. (FAC ¶ 27.) Olson provide Amazon with his military schedule for 2016. (Id. ¶ 28.) During planned military leave in July, "Amazon continuously interrupted Plaintiff Olson's military service demanding that he perform work for Amazon simultaneously while on military leave of absence." (Id. ¶ 29.) Olson alleges "Amazon became hostile toward Plaintiff Olson as a result of his performance of military obligations making him unavailable to Amazon at its beck and call." (Id.) After returning from the July military service, his "direct supervisor, Nityanath Vaidya, exercised open hostility toward Plaintiff Olson, including interrogation of all Plaintiff Olson's direct reports and deployment of other management to his employment site to seek independent reasons to terminate Plaintiff Olson as cover separate from his military status." (Id. ¶ 31.)[1] Olson does not squarely allege that Vaidya's hostility was related to his military service. His claims of "hostility" are all alleged to come from "Amazon," without specifying who at Amazon. (Id. ¶¶ 29, 31.) Olson alleges that he otherwise received positive reviews from his peers, reports, and management. (Id.) Olson alleges that he encountered similar demands that he work during his August and September military service and hostility towards him from Amazon after his returns. (Id. ¶¶ 32-33.) He alleges that shortly after completing military leave in September 2016, he "continued [experiencing] . . . hostility towards" him, and that Amazon terminated him on September 22, 2016. (Id. ¶ 33.)

Plaintiffs' FAC lacks clarity on the specific claims they pursue under USERRA. The FAC appears to allege that Amazon violated Sections 4311, 4312, 4313, 4316 of USERRA "by discriminating against Plaintiffs and the Class members, and by denying them employment benefits 'on the basis of' their 'obligation to perform service in a uniformed service.'" (FAC ¶ 65

---

[1] Note: the FAC omits paragraph 30 for an unknown reason.

1    (quotation in original).) The Court buckets these allegations into two sets of claims. The first

2    claims allege discrimination on the basis of military membership or service, in violation of

3    Section 4311. See 38 U.S.C. § 4311(a). Under Section 4311, an "employer shall be considered to

4    have engaged in actions prohibited . . . if the person's membership . . . or obligation for service

5    in the uniformed services is a motivating factor in the employer's action." 38 U.S.C. § 4311(c).

6    The second claims allege wrongful denial of reemployment given that plaintiffs' absence from

7    their positions was due to their service obligations. Section 4313 provides the right to

8    reemployment, while Section 4316 guarantees seniority and other benefits. 38 U.S.C. §§ 4313,

9    4316. But Section 4312 limits the right of reemployment to only those employees who "report[]

10   to, or submit[] an application for reemployment to, such employer" within a set time frame. 38

11   U.S.C. § 4312(a)(3).

12           Plaintiffs seek to represent a group of similarly-situated individuals who form part of the

13   "nearly 40,000 veterans and spouses" who work for Amazon. (FAC ¶ 36.) Plaintiffs allege that

14   thy "are informed and believe that the Class exceeds 1,000 present and former Company

15   employees." (Id.)

16   **B.      Additional Materials Submitted by Amazon**

17           Amazon has submitted evidence with their Motion to Dismiss and Request for Judicial

18   Notice, which the Court reviews.

19           First, Amazon's outside counsel submitted a declaration asserting that upon learning of

20   this lawsuit, Amazon determined that Mahone's termination was an error, offered her

21   reemployment, and paid her back wages. (See Declaration of Lauren M. Blas ¶¶ 5-6 (Dkt. No.

22   29).) Counsel states that after Mahone filed suit, "Amazon investigated her claim" and

23   "acknowledged that Ms. Mahone had been mistakenly terminated due to an administrative error

24

1    and apologized for the error." (Id. ¶ 5.) Amazon then "unconditionally offered Ms. Mahone

2    reinstatement on June 30, 2022" and paid Mahone $47,880. (Id. ¶ 6.) This sum included "all of

3    the wages that Ms. Mahone would have earned between October 18, 2020 [and] . . . December 2,

4    2021—the date she began working for a new employer" (which totaled $31,590.00), and, as "a

5    goodwill gesture, . . . all of the wages that Ms. Mahone would have earned between the date she

6    started her new employment and June 30, 2022—the date Amazon offered her unconditional

7    reinstatement, with no offset of earnings from Ms. Mahone's new employment" (which totaled

8    $16,290.00). (Id.; see id. Ex. 4.) Mahone accepted these payments, but rejected the offer of

9    reemployment. (Id. ¶¶ 5, 8.)

10         Second, Amazon's Request for Judicial Notice asks the Court to take notice of prior

11    administrative claims Olson has pursued against Amazon and a USERRA complaint he filed in

12    federal court against a different entity. (See Blas Decl. ¶ 2 & Exs. 1-3.) Amazon asks the Court

13    to take notice of these documents because they "relate to Plaintiff Dain Olson's knowledge of his

14    USERRA claim, knowledge of how to assert his rights under USERRA, and his subsequent

15    delay in bringing suit against Amazon, as well as the plausibility of his USERRA claim more

16    broadly." (RJN at 2.) The Court reviews the three documents. First, Amazon submits a letter it

17    received in October 2016 from the United States Department of Labor indicating that Olson had

18    filed a complaint with the agency asserting that he was terminated in violation of USERRA. (Id.

19    ¶ 2 & Ex. 1.) Second, Amazon submits a Notice of Complaint Olson filed against Amazon in

20    January 2017 with the Washington State Human Rights Commission alleging disability

21    discrimination. (Id. ¶ 2 & Ex. 2.) Third, Amazon submits a complaint Olson filed in 2018 in the

22    U.S. District Court for the Northern District of Illinois alleging USERRA violations against XPO

23    Logistics, Inc. (Id. ¶ 2 & Ex. 3.)

24

1

**ANALYSIS**

2

**A.      Legal Standard on Motion to Dismiss**

3              Amazon moves to dismiss under both Rule 12(b)(1) and Rule 12(b)(6). The Court

4    reviews the applicable standards .

5              Amazon's Rule 12(b)(1) motion asserts a factual challenge to the Court's subject matter

6    jurisdiction premised on the theory that Mahone's claims are moot because her injuries are not

7    redressable. (Mot. at 5.) "[I]n a factual attack, the challenger disputes the truth of the allegations

8    that, by themselves, would otherwise invoke federal jurisdiction." Safe Air for Everyone v.

9    Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004) "In resolving a factual attack on jurisdiction, the

10   district court may review evidence beyond the complaint without converting the motion to

11   dismiss into a motion for summary judgment." Id. And "[t]he court need not presume the

12   truthfulness of the plaintiff's allegations." Id. Instead, "the party opposing the motion must

13   furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter

14   jurisdiction." Id. (citation and quotation omitted).

15             Under Fed. R. Civ. P. 12(b)(6), the Court may dismiss a complaint for "failure to state a

16   claim upon which relief can be granted." In ruling on a motion to dismiss, the Court must

17   construe the complaint in the light most favorable to the non-moving party and accept all

18   well-pleaded allegations of material fact as true. Livid Holdings Ltd. v. Salomon Smith Barney,

19   Inc., 416 F.3d 940, 946 (9th Cir. 2005); Wyler Summit P'ship v. Turner Broad. Sys., 135 F.3d

20   658, 661 (9th Cir. 1998). Dismissal is appropriate only where a complaint fails to allege "enough

21   facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S.

22   544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that

23

24

1    allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2    alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

3    **B.      Legal Standards under USERRA**

4           USERRA was enacted in 1994 "to encourage noncareer service in the uniformed services

5    by eliminating or minimizing the disadvantages to civilian careers and employment which can

6    result from such service." 38 U.S.C. § 4301(a)(1). "USERRA protects the job security of

7    returning veterans." Hanson v. Cty. of Kitsap, 21 F. Supp. 3d 1124, 1136 (W.D. Wash. 2014)

8    (quoting Petty v. Metro. Gov't of Nashville & Davidson Cty., 687 F.3d 710, 716 (6th Cir. 2012)

9    (internal citations omitted)). "Through USERRA, Congress endeavored to 'clarify, simplify, and,

10   where necessary, strengthen the existing veterans' employment and reemployment rights

11   provisions.'" Belaustegui v. Int'l Longshore & Warehouse Union, 36 F.4th 919, 923 (9th Cir.

12   2022) (quoting Leisek v. Brightwood Corp., 278 F.3d 895, 898 (9th Cir. 2002) (quotations

13   omitted)). "As a law advancing the interests of veterans, USERRA is 'liberally construed for the

14   benefit of those who left private life to serve their country in its hour of great need.'" Id. (quoting

15   Ziober v. BLB Res., Inc., 839 F.3d 814, 819 (9th Cir. 2016) (quotation omitted)).

16          "Several provisions of USERRA coordinate to provide this security: Sections 4312 and

17   4313, the 'reemployment provisions,' entitle veterans to reemployment after military service and

18   prescribe the positions to which they are entitled upon returning." Petty, 687 F.3d at 716 (internal

19   citations omitted ). Section "4316 guarantees veterans the same benefits they would have

20   enjoyed absent the interruption in their employment and prevents employers from terminating

21   without 'cause' any returning veteran within one year of his reemployment." Id. The

22   "discrimination provision," § 4311, "prohibits employers from discriminating against veterans on

23

24

1    the basis of their military service." <u>Id.</u> And Section 4318 governs pension plan benefits for

2    returning veterans. 38 U.S.C. § 4318.

3    **C.    Mahone Lacks Standing**

4        Amazon asks the Court to dismiss Mahone's claims under Rule 12(b)(1) on the theory

5    that she has already obtained all relief to which she might be entitled and therefore lacks

6    standing. The Court agrees.

7        The plaintiff must have standing in order to pursue claims before the Court. <u>See</u> <u>Spokeo,</u>

8    <u>Inc. v. Robins</u>, 578 U.S. 330, 337-38 (2016), <u>as revised</u> (May 24, 2016). Standing requires

9    allegations of: (1) an injury in fact; (2) "a causal connection between the injury and the conduct

10   complained of" and (3) an assertion that it is "likely, as opposed to merely speculative, that the

11   injury will be redressed by a favorable decision." <u>Lujan v. Defs. of Wildlife</u>, 504 U.S. 555, 561

12   (1992) (quotation and citation omitted).

13       Amazon attacks the third element of standing, arguing that Mahone's injuries have been

14   fully redressed through Amazon's payment of backpay and its reinstatement offer. Mahone does

15   not contest the fact that she received all backpay due, and she offers no evidence she is entitled

16   to anything more. (Opp. at 8.) She instead argues that even though she accepted the backpay, she

17   is still entitled to front pay and liquidated damages under USERRA. 38 U.S.C. § 4323(d)(1)(C);

18   (Opp. at 8-11.) She also argues that she has standing to seek reemployment and to obtain

19   injunctive relief. (Opp. at 13-15.) The Court disagrees with Mahone and finds that she has

20   recovered all compensable sums and has otherwise failed to show a right to any further relief.

21       **1.    Front pay unavailable**

22   Mahone is not entitled to front pay.

23

24

1     "Front pay is 'money awarded for lost compensation during the period between judgment

2     and reinstatement or in lieu of reinstatement.'" Traxler v. Multnomah Cnty., 596 F.3d 1007,

3     1009 n.1 (9th Cir. 2010) (quoting Pollard v. E.I. du Pont de Nemours & Co., 532 U.S. 843, 846

4     (2001)). The relief is "an equitable remedy to be determined by the court." Id. "In cases in which

5     reinstatement is not viable because of continuing hostility between the plaintiff and the employer

6     or its workers . . . courts have ordered front pay as a substitute for reinstatement." Pollard, 532

7     U.S. at 846. And once the person is reasonably likely to obtain other employment, there is little

8     reason to award front pay. See Traxler, 596 F.3d at 1012.

9           There is no equitable basis on which to award Mahone front pay. Mahone has been paid

10    for all of her back wages, declined the offer of reinstatement in June 2022, and claims in her

11    Opposition that she "has since obtained other work." (Opp. at 9.) She has not identified any other

12    sums due. And she nowhere argues she cannot return to Amazon on account of a hostile work

13    environment. Given that omission and her current employment status, an award of front pay

14    would be an improper windfall, which the equities do not support. See Traxler, 596 F.3d at 1012.

15    The Court finds that Mahone is not entitled to front pay and lacks standing to pursue claims for

16    such relief.

17          The Court therefore DISMISSES Mahone's claim for front pay and GRANTS the Motion

18    as to this issue.

19          **2.      Liquidated damages unavailable as pleaded**

20          Mahone has failed to allege sufficient facts to support her claim for liquidated damages.

21          Liquidated damages of twice the wages due are available if Amazon's "failure to comply

22    with the provisions of [USERRA] was willful." 38 U.S.C. § 4323(d)(1)(C). Regulations define

23    "willful" to mean that "the employer either knew or showed reckless disregard for whether its

24

conduct was prohibited by the Act." 20 C.F.R. § 1002.312. Considering the same term in the context of the Age Discrimination in Employment Act, the Supreme Court has defined "willful" to mean that "'the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute.'" Hazen Paper Co. v. Biggins, 507 U.S. 604, 615 (1993) (quoting Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 128 (1985)). An intent to violate the statute is not necessary; but it is also not sufficient that the employer simply knew of its potential applicability. Thurston, 469 U.S. at 126–28 & n.19. Plaintiff has the burden of proving willfulness, which may be shown by circumstantial evidence. Paxton v. City of Montebello, 712 F. Supp. 2d 1017, 1021 (C.D. Cal. 2010).

The Court here finds that Mahone has failed to allege sufficient facts that Amazon's decision to terminate her was willful. At best, Mahone has alleged that she put Amazon on notice that her unpaid time off was taken for military leave and that she was terminated for taking that leave. (FAC ¶ 31.) But this does not sufficiently allege that Amazon knew its decision was prohibited by USERRA or that its conduct was in reckless disregard for Mahone's rights under USERRA. See United States v. Nevada, 817 F. Supp. 2d 1230, 1251 (D. Nev. 2011) ("An intent to violate the statute is not necessary; but it is also not sufficient that the employer simply knew of its potential applicability."). Mahone has not included sufficient allegations of willfulness, making liquidated damages unavailable.

The Court therefore DISMISSES Mahone's claim for liquidated damages and GRANTS the Motion as to this issue. Dismissal is without prejudice, given that Mahone might be able to cure the defect via amendment.

1    **3.  No claim for reemployment**

2    The Court agrees with Amazon that neither Mahone nor Olson may pursue claims for

3 reemployment under USERRA because neither timely asked for reemployment as required.

4    "Section 4312 of USERRA provides a right to reemployment for members of the armed

5 services who comply with statutory notification requirements." Hanson, 21 F. Supp. at 117

6 (citing Wallace v. City of San Diego, 479 F.3d 616, 625 (9th Cir. 2007)). USERRA's Section

7 "4312 protects only a serviceperson's right to reemployment, which in turn triggers § 4313's

8 guarantee of the appropriate position of employment." Petty, 538 F.3d at 445. "Section 4312

9 only entitles a service person to immediate reemployment and does not prevent the employer

10 from terminating him the next day or even later the same day," while "§§ 4311 and 4316 operate

11 to protect the employee as soon as [he] is reemployed." Hart v. Family Dental Group, PC, 645

12 F.3d 561, 563 (2nd Cir. 2011) (citation and quotation omitted).

13    Plaintiffs' claim for reemployment fails because they did not comply with the notification

14 requirement under § 4312(a)(3). To be entitled to reemployment, the employee must "report[] to,

15 or submit[] an application for reemployment to, such employer in accordance with the provisions

16 of subsection (e)." 38 U.S.C. § 4312(a)(3). Neither of the Plaintiffs has alleged to have made this

17 request. This is fatal to Plaintiffs' claims under § 4312, § 4313, and § 4316. The Court therefore

18 DISMISSES Plaintiffs' claims for reemployment and GRANTS the Motion as to this issue.

19 Dismissal is without prejudice, as Plaintiffs could save these claims by amendment.

20    **4.  Plaintiffs cannot obtain injunctive and prospective declaratory relief**

21    Amazon asks the Court to dismiss Plaintiffs' claims for injunctive and prospective

22 declaratory relief given that neither remains employed by Amazon and would not benefit from it.

23 The Court agrees.

24

1    USERRA allows for injunctive relief and equitable remedies, "including temporary or

2    permanent injunctions, temporary restraining orders, and contempt orders, to vindicate fully the

3    rights or benefits of persons under this chapter." 38 U.S.C. § 4323(d) & (d). But "[u]nless the

4    named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class

5    seeking that relief." Hodgers-Durgin v. de la Vina, 199 F.3d 1037, 1045 (9th Cir. 1999). This

6    includes other forms of prospective relief, because the plaintiff lacks standing to obtain such

7    relief they "'would not stand to benefit from.'" Slayman v. FedEx Ground Package Sys., Inc.,

8    765 F.3d 1033, 1047-48 (9th Cir. 2014 (quoting Walsh v. Nev. Dep't of Human Res., 471 F.3d

9    1033, 1037 (9th Cir. 2006). For example, in Slayman, the Court held that named plaintiffs who

10   were no longer working at FedEx could not obtain injunctive and declaratory relief because they

11   could not benefit from it.

12        Plaintiffs' request for injunctive and prospective declaratory relief are unavailable to

13   them as former employees of Amazon. Plaintiffs ask for a declaratory judgment that Amazon's

14   acts and practices continue to violate USERRA, or an injunction requiring Amazon to comply

15   with USERRA. (FAC, Prayer For Relief ¶¶ 2-4.) But because Plaintiffs are not employed, they

16   would obtain no benefit from this relief and lack standing to pursue it. See Slayman, 765 F.3d at

17   1047-48. And while Plaintiffs are correct that USERRA allows for this kind of relief, that does

18   not change the fact that they have no standing to obtain it.

19        The Court therefore DISMISSES Plaintiffs' claims for injunctive and prospective

20   declaratory relief and GRANTS the Motion as to this issue.

21                              *        *        *

22        Even if Mahone had stated a claim for discrimination under USERRA, she has failed to

23   identify any relief to which she is entitled that remains unpaid by Amazon or otherwise available,

24

1   including reemployment. As such, the Court finds that she lacks standing to pursue her claims as

2   pleaded. The Court DISMISSES Mahone's claims. Mahone may replead her claims for

3   liquidated damages stemming from the alleged USERRA discrimination, but she must make

4   substantial additions to show she has standing. Plaintiffs may also amend their claims for

5   reemployment, but only if there are truthful allegations that they requested reemployment

6   consistent with USERRA.

7   **D.      Olson's Claim Not Barred By Laches**

8           Amazon argues that Olson's claims should be barred by the doctrine of laches because he

9   waited nearly six years to file this lawsuit despite being aware of his rights to do so under

10  USERRA. While the Court finds some merit in Amazon's argument, it cannot dismiss the claim

11  at this stage of the proceedings on the record before it.

12          The Parties agree that USERRA does not have a statute of limitations, and Amazon thus

13  seeks dismissal of Olson's claims as barred by the doctrine of laches. "Laches is an equitable

14  time limitation on a party's right to bring suit, resting on the maxim that one who seeks the help

15  of a court of equity must not sleep on his rights." Jarrow Formulas, Inc. v. Nutrition Now, Inc.,

16  304 F.3d 829, 835 (9th Cir. 2002) (citation and quotation omitted). "To establish laches a

17  defendant must prove both an unreasonable delay by the plaintiff and prejudice to itself."

18  Couveau v. Am. Airlines, Inc., 218 F.3d 1078, 1083 (9th Cir. 2000). Unreasonable delay is

19  measured by assessing when the plaintiff knew or should have known about the claim and

20  whether the delay is reasonable, including any excuses for the delay. Jarrow, 304 F.3d at 838. As

21  to prejudice, the Ninth Circuit generally recognizes two forms: evidentiary and expectations-

22  based prejudice. Danjaq LLC v. Sony Corp., 263 F.3d 942, 955 (9th Cir. 2001). "Evidentiary

23  prejudice includes such things as lost, stale, or degraded evidence, or witnesses whose memories

24

1    have faded or who have died." <u>Id.</u> Expectation-based prejudice may be shown where the

2    defendant "took actions or suffered consequences that it would not have, had the plaintiff

3    brought suit promptly." <u>Id.</u> But "[b]ecause the application of laches depends on a close

4    evaluation of all the particular facts in a case, it is seldom susceptible of resolution by summary

5    judgment." <u>Couveau</u>, 218 F.3d at 1083.

6          The Court here finds that although Olson's delay in filing suit was unreasonable, Amazon

7    has not shown prejudice. The Court reviews its reasoning.

8          Amazon has provided substantial evidence that Olson waited an unreasonable time to file

9    suit. By at least 2017, Olson knew that he could seek relief under USERRA by filing a lawsuit

10   against Amazon, but chose not to do so. This is demonstrated by the fact that he asserted a

11   USERRA claim against Amazon in 2016 with the Department of Labor and then filed a separate

12   federal lawsuit against another entity under USERRA in 2017. The Court takes judicial notice of

13   these facts and grants the Request for Judicial Notice in part, given that they are not subject to

14   reasonable dispute and come from sources beyond dispute. <u>See</u> Fed. R. Civ. P. 201(b); <u>Khoja v.</u>

15   <u>Orexigen Therapeutics, Inc.</u>, 899 F.3d 988, 998 (9th Cir. 2018). These show that Olson sat on his

16   rights from 2016 until he filed this lawsuit in 2022. While neither party identifies an analogous

17   statute of limitations, the Court finds a delay of nearly six years to be substantial and

18   unexplained. On this record, the Court finds an unreasonable delay.

19         But Amazon has failed to identify any prejudice to sustain a finding of laches. While

20   Amazon suggests that evidence could get lost and memories fade, it fails to show any evidence

21   to support this claim. And while Amazon may have hoped that Olson had abandoned his claims,

22   it has not identified any action taken or consequence suffered from its belief that Olson would

23   not sue. Even if Amazon had provided evidence, the Court could not consider it on a Rule

24

12(b)(6) motion to dismiss. Additionally, the Court is unconvinced that it may simply assume prejudice in light of the unreasonable delay. While the Ninth Circuit has suggested "the bare fact of delay creates a rebuttable presumption of prejudice," the Court finds no case law supporting dismissal on the pleadings based on this presumption. See Boone v. Mech. Specialties Co., 609 F.2d 956, 958 (9th Cir. 1979). And although the Court in Boone cited this presumption, it analyzed the evidence of prejudice, confirming the fact that the defendant was "severely prejudiced" by plaintiff's delay due to the loss of evidence. See id. at 959. The Court therefore declines to apply a presumption of prejudice.

While the Court sees merit in Amazon's argument, given the procedural posture of this case, a finding of laches would be premature and improper. The Court DENIES the Motion as to laches. This issue requires further evidentiary development that may potentially be resolvable on an early motion for summary judgment.

**E.     Olson Adequately Alleges a Claim of Discrimination**

Amazon argues that Olson has not adequately alleged discrimination in violation of USERRA. The Court disagrees.

A violation of USERRA occurs when a person's:

membership, application for membership, service, application for service, or obligation for service in the uniformed services is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such membership, application for membership, service, application for service, or obligation for service.

38 U.S.C. § 4311(c)(1). "USERRA replaced the 'sole motivation' test with a more lenient standard that requires only that the employee's military status was 'a motivating factor' in the employer's action." Leisek, 278 F.3d at 898. The Ninth Circuit "appl[ies] a two-part test to § 4311 discrimination claims." Belaustegui, 36 F.4th at 924. "An employee first has the burden of showing, by a preponderance of the evidence, that his or her protected status was a substantial or

1   motivating factor in the adverse employment action; the employer may then avoid liability only

2   by showing, as an affirmative defense, that the employer would have taken the same action

3   without regard to the employee's protected status." Id. (quotation and citation omitted).

4         Olson has plausibly alleged discrimination on account of his military status. He alleges

5   that during three different periods, he was contacted while participating in military drills to

6   return to work and that "Amazon became hostile towards [him] as a result of his performance of

7   military obligations. . . ." (FAC ¶ 29, 32, 33.) After enduring this "hostility," he was terminated

8   just four days after his return from military leave. (FAC ¶ 33.) These allegations, construed in

9   Olson's favor, satisfy the requirement to show that a motivating factor in his termination was his

10  military status and his use of leave to meet his military obligations. The Court notes that Olson's

11  allegations about his manager are vague as to whether the manager was hostile towards him on

12  account of his military service. Olson makes no such direct allegation, referring instead to

13  "Amazon," not the manager, as being hostile. (See FAC ¶¶ 29, 31, 32.) Notwithstanding this lack

14  of specificity, Olson's has provided sufficient factual allegations to suggest that a motivating

15  factor in his termination was his military service. See Leisek, 278 F.3d at 898.

16        The Court briefly considers three arguments Amazon advances that do not compel a

17  different outcome.

18        First, Amazon suggests that Olson has not identified any policy of discrimination

19  pursuant to which he was terminated. (Mot. at 12-13.) This is a nondispositive issue. Whether

20  there was a policy or practice may impact the class allegations, but they are not required to state

21  an individual claim.

22        Second, while Amazon correctly argues that its efforts to contact Olson during his

23  military leave do not give rise to a separate cause of action under USERRA, this does not compel

24

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS - 16

1    dismissal of the discrimination claim. These allegations add to Olson's claim that Amazon

2    engaged in discrimination against him on account of his military status.

3        Third, Amazon argues that Olson has not alleged a hostile work environment claim and

4    that the Ninth Circuit has never resolved whether such a claim can be brought under USERRA.

5    (Mot. at 14.) As the Court construes the claims, Olson has not premised his discrimination claim

6    on having endured a hostile work environment. Rather, he alleges that Amazon was hostile

7    towards his military service and that this helps show his termination was motivated by a

8    discriminatory animus.

9        Having considered Amazon's arguments, the Court finds that the claim is adequately

10   pleaded. The Court DENIES the Motion as to Olson's Section 4311 discrimination claim.

11       The Court therefore DENIES the Motion as to Olson's discrimination claim.

12                                   **CONCLUSION**

13       Plaintiffs' claims in the First Amended Complaint suffer from several defects. First,

14   Mahone lacks standing to pursue her claims because she has not identified any redressable

15   injury. Second, neither Plaintiff has standing to pursue claims for reemployment, injunctive, or

16   prospective declaratory relief. While Plaintiffs may be able to amend their claims for

17   reemployment and Mahone's claim for liquidated damages, they cannot revive their claims for

18   injunctive and prospective declaratory relief. The Court therefore GRANTS the Motion to

19   Dismiss as to these claims. Except where expressly noted, the Court DISMISSES these claims

20   WITH PREJUDICE. Should Plaintiffs wish to amend their complaint, they must do so within 21

21   days of entry of this Order. But the Court DENIES the Motion as to Olson's discrimination

22   claim, which may proceed.

23       \\

24

1    The clerk is ordered to provide copies of this order to all counsel.

2    Dated December 1, 2022.

3

4                                              Marsha J. Pechman
                                               United States Senior District Judge
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS - 18