THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| YASMINE MAHONE, an individual, DAIN OLSON, an individual, and BRANDON TOLE, an individual, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation, AMAZON.COM SERVICES LLC; a Delaware Limited Liability Company; and AMAZON.COM.DEDC, LLC; a Delaware Limited Liability Company; and AMAZON.COM.KYDC LLC, a Delaware Limited Liability Company,,<br><br>Defendants. | Case No. 2:22-cv-00594-MJP<br><br>**STIPULATED PROTECTIVE ORDER** |

1. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties, hereby stipulate to and petition the court to enter the following Stipulated Protective Order ("Order" or "Stipulation").  The parties acknowledge that this agreement is consistent with LCR 26(c).  It does not confer blanket protection on all disclosures or responses to discovery, the

Stipulated Protective Order– 1
(No. 2:22-cv-00594-MJP)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

160728382.1

protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2.  AS USED HEREIN

  2.1  Documents and Testimony.  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

  2.2  "Confidential" Material.  "Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: any personal, financial, or medical information, Testimony, and Documents of Defendants, Plaintiffs, and/or any current or former employees of Defendants, or other information that implicates the personal privacy of Plaintiffs, and/or any current or former employees of Defendants, proprietary business information, or competitively sensitive information, including Defendants' military leave policy, Defendants' human resources policies, metrics specific to Defendants' operations management, and other Testimony, Documents or information that contain non-public, private or sensitive information that requires the protections provided in this Stipulation.

  2.3  Producing party.  Producing party shall mean the parties to this action and any non-parties producing "Confidential Information" in connection with depositions, document production or otherwise, or the party or non-party asserting the confidentiality privilege, as the case may be.

  2.4  Receiving party.  Receiving party shall mean the parties to this action and/or any non-party receiving "Confidential Information" in connection with depositions, document production, subpoenas or otherwise.

3.  SCOPE

Stipulated Protective Order– 2
(No. 2:22-cv-00594-MJP)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

160728382.1

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.  ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1   Basic principles.  A Receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation and for no other purposes.  Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement.  Confidential material must be stored and maintained by a Receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.  Nothing contained in this Order shall preclude any party from using its own Confidential Information in any manner it sees fit, without prior consent of any party of the Court.

4.2   Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the designating party, a Receiving party may disclose any confidential material only to:

(a)   the Receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)   the officers, directors, and employees (including in house counsel) of the Receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c)   experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

Stipulated Protective Order– 3
(No. 2:22-cv-00594-MJP)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

160728382.1

       (d)     the court, court personnel, and court reporters and their staff;

       (e)     copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

       (f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court, pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

       (g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

       (h)     any other person agreed to by the Producing party.

    4.3    <u>Filing Confidential Material</u>.  Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.  During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue.  Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.  A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal.

Stipulated Protective Order– 4
(No. 2:22-cv-00594-MJP)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

160728382.1

Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

4.4     Use of Confidential Information at a Hearing. A party that intends to present Confidential Information at a hearing shall bring that issue to the parties' attention without disclosing the Confidential Information at least forty-eight (48) hours before the hearing is scheduled to begin. The parties may agree to any stipulated orders, as are necessary to govern the use of Confidential Information at the hearing. If an agreement cannot be reached, the parties may bring it to the attention of the Court and the Court may thereafter make any orders as necessary. The use of any Confidential Information at trial shall be governed by a separate stipulation and/or court order.

4.5     Experts and Consultants. Before any disclosure of Confidential Information is made to an expert witness or consultant pursuant to paragraph 4.2(c) hereof, counsel for the Receiving party making such disclosure shall provide to the expert witness or consultant a copy of this Stipulation and obtain the expert's or consultant's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the Receiving party obtaining the certificate shall supply a copy to counsel for the other parties at the time designated for expert disclosure, except that any certificate signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied.

5.     DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Stipulated Protective Order– 5
(No. 2:22-cv-00594-MJP)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

160728382.1

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)     <u>Information in documentary form</u>:  (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the Producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)     <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within thirty (30) days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential.  The court reporter will indicate the portions designated as Confidential Information and segregate them as appropriate.  Designations of transcripts will apply to audio, video, or other recordings of the testimony discussed in that portion of the transcript.  If

Stipulated Protective Order– 6
(No. 2:22-cv-00594-MJP)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

160728382.1

a party or non-party desire to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

        (c)    <u>Documents produced by a non-party</u>: designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to thirty (30) days after actual receipt of copies of those documents by counsel for the party asserting the confidentiality privilege.

        (d)    <u>Other tangible items</u>: the Producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing party, to the extent practicable, shall identify the protected portion(s).

    5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the Receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

    6.1    <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    6.2    <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference

Stipulated Protective Order– 7
(No. 2:22-cv-00594-MJP)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

160728382.1

with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3     <u>Judicial Intervention</u>.  If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a)    promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the Receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures,

Stipulated Protective Order– 8
(No. 2:22-cv-00594-MJP)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

160728382.1

(b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A, to comply with and be bound by its terms.

9. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

If a Producing party discloses privileged Information, such disclosure (as distinct from use) shall be deemed inadvertent without need of further showing and shall not constitute or be deemed a waiver or forfeiture of the privilege or protection from discovery in this case or in any other federal or state proceeding by that party (the "Disclosing party"). This Section shall be interpreted to provide the maximum protection allowed under applicable laws.

A disclosure should be handled as follows:

(a) If a party or non-party discovers that it has produced privileged Information, it shall promptly notify the Receiving party of the production in writing, shall identify the privileged Information by Bates range where possible, and may demand that the Receiving party return or destroy the privileged Information. In the event that a Receiving party received information that it believes is subject to a good faith claim of privilege by the Producing party, the Receiving party shall immediately refrain from examining the information and shall promptly notify the Producing party in writing that they possess potentially privileged Information. The Producing party shall have seven (7) days to assert privilege over the identified information and if they do not assert a claim of privilege within the 7-day period, the information in question shall be deemed nonprivileged.

(b) If the Producing party has notified the Receiving party of production of privileged Information, or has confirmed the production of privileged Information called to its attention by the Receiving party, the Receiving party shall within fourteen (14) days of receiving such notification or confirmation: (1) destroy or return to the Producing party all copies or versions

Stipulated Protective Order– 9
(No. 2:22-cv-00594-MJP)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

160728382.1

of the produced privileged Information requested to be returned or destroyed; (2) delete from its work product or other materials any quotes or paraphrased portions of the produced privileged Information; and (3) ensure that produced privileged Information is not disclosed in any manner to any party or non-party.

(c) Notwithstanding the above, the Receiving party may segregate and retain one copy of the clawed back information solely for the purpose of disputing the claim of privilege. The Receiving party shall not use any produced privileged Information in connection with this litigation or for any other purpose other than to dispute the claim of privilege. The Receiving party may file a motion disputing the claim of privilege and seeking an order compelling production of the material at issue; the Producing party may oppose any such motion, including on the grounds that inadvertent disclosure does not waive privilege.

(d) Within fourteen (14) days of the notification that such privileged Information has been returned, destroyed, sequestered, or deleted ("Clawed-back Information") the Disclosing party shall produce a privilege log with respect to the Clawed-back Information. Within fourteen (14) days after receiving the Disclosing party's privilege log with respect to such Clawed-back Information, a Receiving party may notify the Disclosing party in writing of an objection to a claim of privilege or work-product production with respect to the Clawed-back Information. Within 14 days of the receipt of such notification, the Disclosing party and the objecting party shall meet and confer in an effort to resolve any disagreement concerning the privilege or work-product claim with respect to such Clawed-back Information. The parties may stipulate to extend the time periods set forth in this paragraph.

(e) If, for any reason, the Disclosing party and Receiving party (or parties) do not resolve their disagreement after conducting the mandatory meet and confer, the Receiving party may request a conference with the Court pursuant to the assigned judge's procedures. The Disclosing party bears the burden of establishing the privileged or protected nature of any privileged Information.

Stipulated Protective Order– 10
(No. 2:22-cv-00594-MJP)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

160728382.1

(f) Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonable should know to be privileged and to inform the Disclosing party that such materials have been produced.

(g) This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review.

(h) The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10. <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within sixty (60) days after the termination of this action, by settlement or exhaustion of all appeals, each Receiving party must return all confidential material to the Producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel is entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain binding after the conclusion of this action until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Stipulated Protective Order– 11
(No. 2:22-cv-00594-MJP)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

160728382.1

| | |
|---|---|
| DATED: 02/13/23 | *s/ Brian Lawler*<br>Brian J. Lawler (*pro hac vice*)<br>**PILOT LAW, P.C.**<br>4632 Mt. Gaywas Drive<br>San Diego, CA 92117<br>Tel: 619-255-2398<br>Email: blawler@pilotlawcorp.com<br>Attorneys for Plaintiffs |
| DATED: 02/13/23 | *s/ Andrew Moriarty*<br>Andrew E. Moriarty, Bar No. 28651<br>**Perkins Coie LLP**<br>1201 Third Avenue, Suite 4900<br>Seattle, Washington 98101-3099<br>Telephone: +1.206.359.8000<br>Facsimile: +1.206.359.9000<br>AMoriarty@perkinscoie.com<br>Attorneys for Defendants |

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the Producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED this 14th day of February, 2023.

Marsha J. Pechman
United States Senior District Judge

Stipulated Protective Order– 12
(No. 2:22-cv-00594-MJP)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

160728382.1

# **EXHIBIT A**

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of *Mahone v. Amazon.com Inc.*, No. 2:22-cv-00594-MJP. I agree to comply with and to be bound by all the terms of this Stipulated protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

Stipulated Protective Order– 13
(No. 2:22-cv-00594-MJP)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

160728382.1