UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YASMINE MAHONE and BRANDON TOLE,<br><br>           Plaintiffs,<br><br>    v.<br><br>AMAZON.COM, INC., ET AL.,<br><br>           Defendants. | CASE NO. C22-594 MJP<br><br>ORDER ON RULE 37 SUBMISSIONS |

This matter comes before the Court on Plaintiffs' LCR 37 Submission (Dkt. No. 68) and Defendant's LCR 37 Submission (Dkt. No. 67). Having review both Submissions and all supporting materials, the Court GRANTS in part and DENIES in part Plaintiffs' Submission and GRANTS Defendant's Submission.

**PLAINTIFFS' SUBMISSION**

Plaintiffs move to compel production of documents, responses to interrogatories, and further Rule 30(b)(6) testimony on a variety of topics. The Court agrees that Defendant

Amazon.com Services LLC must supplement certain discovery responses and provide further Rule 30(b)(6) testimony, as outlined in the sections below.

**A.  Request for Production No. 1**

Plaintiffs seek to compel production of Amazon's agreements with the Reed Group, an entity that administered leaves of absence. Plaintiffs argue that the agreements are responsive to Request for Production No. 1, which seeks documents and communications related to Amazon's "policies, procedures, guidelines, and/or practices regarding military leave." (Pls. Submission at 10 (Dkt. No. 68).) Amazon argues that any agreements with the Reed Group are irrelevant because there are no claims that leave requests were denied or improperly administered, and that the request is disproportionate to the needs of the case. The Court disagrees with Amazon. The agreements are relevant because the Reed Group provided services related to how Amazon implemented its military leave policies, which are at the heart of this case. Although the agreements may not ultimately be admissible at trial, they are nonetheless discoverable. And Amazon fails to identify any burden in producing the agreements. The Court therefore GRANTS the Submission as to RFP No. 1 and ORDERS Amazon to produce all agreements with the Reed Group from 2017 through 2020.

**B.  Interrogatories Nos. 22-24**

Plaintiffs seek to compel further responses to Interrogatory Nos. 22-24, which would require Amazon to identify promotion and performance-related data for all Amazon employees who have taken military leave identified in a spreadsheet Amazon produced covering a four-year period. (Pls. Submission at 12-18.) Plaintiffs argue that this information is relevant to the claims they pursue on behalf of a class of Amazon employees who took military leave while employed at Amazon, and to issues impacting class certification, including commonality. Amazon argues

that the information sought is overbroad because Plaintiff Tole's claims are purportedly limited to similarly-situated persons at his particular facility. As a compromise, Amazon offers to provide the "job level, promotion information, and performance rating information on a yearly basis for individuals at Mr. Tole's site, MDW2, who took a MLOA between 2018 and 2022 and who hold a position higher than the 'associate' level." (Id. at 16.) The Court finds Amazon's proposed compromise inadequate. Accepting Amazon's position would require the Court to find that Tole's claims are not common to anyone employed outside of the MDW2 facility, and prematurely determine issues that should be considered in the full context of class certification. While Plaintiffs may fail to show that the proposed class should be certified, the information they seek is relevant to the claims of the proposed class and to issues impacting class certification. And Amazon has failed to show that the request is unduly burdensome or disproportionate to the claims at issue. The Court therefore GRANTS the Submission and ORDERS Amazon to supplement the spreadsheet identified as AMAZON_03324 to include the "the OV rating/coding/points, NPS rating/coding/points, and Job Levels with corresponding promotion dates" for all individuals listed in the spreadsheet.

C.  Rule 30(b)(6) Topic No. 1

Plaintiffs ask the Court to compel Amazon to produce a Rule 30(b)(6) witness to answer questions about the source of the data underlying all spreadsheets produced by Amazon. Amazon claims that many of the fields of data are "self-evident and do not require further explanation." (Pls. Submission at 19.) Amazon further contends that it has agreed to produce more responsive information, including supplementing its response to Interrogatory No. 25 that it claims is duplicative of this topic and providing a declaration describing the fields in one spreadsheet. (Id.) The Court finds that Amazon should prepare a Rule 30(b)(6) witness to prepared to answer

questions as to the source of the data in the spreadsheets produced in this action—a relevant and reasonable point of inquiry. The Court remains unconvinced that this would be duplicative of any material yet produced or that there would be any undue burden. The Court therefore GRANTS Plaintiffs' Submission as to this topic.

**D.     Rule 30(b)(6) Topic No. 2**

The Parties have resolved their dispute as to Topic No. 2. (Pls. Submission at 21.) The Court DENIES the Submission as to this issue as MOOT.

**E.     Rule 30(b)(6) Topic No. 3**

Plaintiffs seek to compel the testimony of a Rule 30(b)(6) witness about a document produced after the Rule 30(b)(6) deposition of Brianna Morell that concerns Amazon's standard operating procedures: AMAZON_03632 to _03650. (Pls. Submission at 22-23.) Amazon has not identified any valid reason why Plaintiffs should not be able to question a Rule 30(b)(6) witness about the document that was produced after Ms. Morell's deposition. The Court finds that this topic is both relevant and proportional to the claims. The Court GRANTS Plaintiffs' Submission on this topic, and ORDERS Amazon to produce a Rule 30(b)(6) witness to answer questions about the late-produced document, AMAZON_03632 to _03650.

**F.     Rule 30(b)(6) Topic No. 4**

Plaintiffs seek to compel the testimony of a Rule 30(b)(6) witness on Amazon's use of a "net promoter score" that Plaintiffs allege to be involved in the question of seniority rights, status, and the rate of pay. (Pls. Submission at 24.) Amazon argues that this score is not relevant because it is "not any type of ranking or metric for employee performance and/or promotion." (Id.) The Court finds Amazon's argument unconvincing. While the score may not be used for performance or promotion, Plaintiffs have identified it as being relevant to the question of

1  seniority rights, status, and pay rates. These are topics relevant to the claims and Amazon must
2  produce a Rule 30(b)(6) witness to answer questions about it. The Court therefore GRANTS the
3  Submission as to this topic.

4  **G.     Rule 30(b)(6) Topic No. 5**

5  Plaintiffs seek to compel the testimony of a Rule 30(b)(6) witness on Amazon's use of a
6  "overall value" rating, coding, ranking, and points related to employee performance. (Pls.
7  Submission at 26-27.) In response, Amazon points out that Plaintiffs have already had the
8  opportunity to and did ask questions on this topic of two Rule 30(b)(6) witnesses. The Court
9  finds that further deposition testimony on this topic would be duplicative and DENIES Plaintiffs'
10 request as to this topic.

*  *  *

12 The Court GRANTS in part and DENIES in part Plaintiffs' Submission. Amazon must
13 produce documents responsive to RFP No. 1—Amazon's agreements with the Reed Group—
14 within seven days of entry of this Order. Amazon must produce revised interrogatory responses
15 to Interrogatory Nos. 24-26 consistent with this Order within fourteen days of its entry. And
16 Amazon must produce Rule 30(b)(6) witnesses to testify as to Topics 1, 3, and 4, as narrowed by
17 the Order, within fourteen days of its entry.

18                    **DEFENDANT'S SUBMISSION**

19 Amazon requests an order compelling Plaintiffs to supplement their Rule 26(a)(1)(A)(iii)
20 initial disclosures concerning damages and responses to damage-related interrogatories and
21 requests for production as to Plaintiff Tole. The Court agrees with the request.
22 There are two unique sources requiring Plaintiffs to produce damages-related discovery.
23 First, under Rule 26, Plaintiffs "must, without awaiting a discovery request, provide to the other
24

parties . . . a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material . . . upon which each computation is based." Fed. R. Civ. P. 26(a)(1)(A)(iii). Second, Amazon served interrogatories and RFPs seeking similar information. Interrogatory Nos. 8 and 11, seek the following from each named Plaintiff:

    a.    The amount of damages sought;
    b.    The party or parties against whom such damages are sought;
    c.    The basis upon which such damages are to be calculated;
    d.    Each person believed by You to have knowledge relating to such calculation of damages; and
    e.    Each document that relates to each such calculation of damages.

(Def. Submission at 4-5.) Amazon served two RFPs that require Plaintiffs to produce documents on which they "rely to calculate, or which otherwise support, the damages that [they] seek to recover in this action[.]" (Id. (quoting RFP Nos. 10, 11).) Although Plaintiffs have provided supplemental damages calculations as to Plaintiff Mahone, they have not done so for Plaintiff Tole. Plaintiffs oppose Amazon's motion, in part, because they may require expert assistance to calculate damages.

        The Court agrees with Amazon that Plaintiffs must supplement their initial disclosures and discovery responses as to Plaintiff Tole. There are two distinct reasons why Plaintiff Tole must supplement his responses. First, Rule 26(a)(1)(A)(iii) requires lay-down damages discovery, which helps inform the opposing party of the magnitude of the claims, and can lead to both early resolution and streamlined discovery. Second, the interrogatories and RFPs Amazon served reasonably request specific damages amounts and supporting documentation. Plaintiffs fail to identify a valid reason for their failure to disclose the specific damages Plaintiff Tole seeks and document supporting the damages calculations. While Plaintiffs argue they need more information from Amazon, they fail explain what specific information they require from Amazon

ORDER ON RULE 37 SUBMISSIONS - 6

to show an actual computation of damages for Plaintiff Tole. Plaintiffs speak only in generalities and do not explain why Plaintiffs cannot provide a present damages calculation from the information within Plaintiff Tole's possession. Plaintiffs must supplement their initial disclosures and responses to the discovery requests as to Plaintiff Tole's damages. They may also reserve the right to supplement the damage calculations based on materials obtained in discovery and as presented through an expert witness. But the possibility of future supplementation does not excuse the need for Plaintiffs to supplement this information now. The Court therefore GRANTS Amazon's Submission and ORDERS Plaintiffs to supplement Plaintiff Tole's initial disclosures concerning damages and responses to RFP No. 11 and Interrogatory No. 11 within fourteen days of this Order.

## CONCLUSION

Both Parties have further work to do in this matter to produce relevant and discoverable materials. The Court has set short timelines for the production of responsive materials and for the completion of further depositions in order to assist the Court in resolving Plaintiffs' motion for class certification. The Court expects the Parties to comply with these deadlines which are unlikely to be extended, and to cooperate fully so that discovery will move forward efficiently.

The clerk is ordered to provide copies of this order to all counsel.

Dated October 19, 2023.

Marsha J. Pechman
United States Senior District Judge