UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YASMINE MAHONE and BRANDON TOLE,<br><br>    Plaintiffs,<br><br>    v.<br><br>AMAZON.COM, INC., et al.,<br><br>    Defendants. | CASE NO. C22-594 MJP<br><br>ORDER DENYING MOTIONS TO SEAL |

This matter comes before the Court on Plaintiffs' Motions to Seal. (Dkt. Nos. 75, 82.) Having reviewed the Motions to Seal and supporting materials, and noting the lack of any response or reply, the Court DENIES both Motions to Seal.

**BACKGROUND**

Plaintiffs have filed both Motions to Seal in order to comply with the Stipulated Protective Order and to enable them to file on the docket documents and testimony Defendants have marked as confidential. These records are being filed to support Plaintiffs' Motion for Class

Certification. In their Motions to Seal, Plaintiffs argue that they "do not believe that any documents should be filed Under Seal." (Mots. at 1.) Plaintiffs note that Defendants claim the documents and testimony "involve proprietary business operations information that Amazon intentionally does not release to the public." (Mots. at 2.) But Defendants have not responded to Plaintiffs' Motions to Seal and there is no evidence concerning the nature of the documents at issue or any potential harm to Defendants if the materials are publicly viewable.

## ANALYSIS

The party seeking to keep material filed under seal must meet either the "good cause" or "compelling interest" standard. See Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016). The "compelling interest" test applies if "the motion [related to which the materials are filed] is more than tangentially related to the merits of a case." Id. Here, the compelling interest test applies, because the Motion for Class Certification in support of which the documents at issue were filed is "more than tangentially related to the merits of the case." Id.

Under the "compelling interest" test, the Court must "conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and quotation omitted). The Court may only seal records if it "base[s] its decision on a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." Id. (citation and quotation omitted). "The burden is on the party requesting a protective order to demonstrate that (1) the material in question is a trade secret or other confidential information within the scope of Rule 26(c), and (2) disclosure would cause an identifiable, significant harm." Foltz v. State Farm Mutual Auto. Ins. Co., 331 F.3d 1122, 1131 (9th Cir. 2003) (citation and quotation omitted). The Local Rules require the party seeking to

ORDER DENYING MOTIONS TO SEAL - 2

keep materials under seal to show: (1) "the legitimate private or public interests that warrant the relief sought"; (2) "the injury that will result if the relief sought is not granted"; and (3) "why a less restrictive alternative to the relief sought is not sufficient." Local Civil Rule 5(g)(3)(B). "Evidentiary support from declarations must be provided where necessary." Id.

There are no grounds to allow the materials to remain under seal. Defendants have failed to file any response to the Motions to Seal, leaving the Court without any argument as to why the documents should be sealed. Even if they had, argument alone is not be sufficient. See Local Civil Rule 5(g)(3)(B). Defendants have also failed to provide any evidentiary support. See id. There is no evidence before the Court that the documents at issue contain trade secrets or other confidential information or that public access to the documents would cause Defendants an identifiable, significant harm. See Foltz, 331 F.3d at 1131. There are no compelling interests (or good cause) that might warrant an order permitting these records to be kept under seal. The Court therefore DENIES the Motions to Seal.

## CONCLUSION

There are no grounds or evidence before the Court as to why the documents at issue should be sealed. The Court DENIES the Motions to Seal. The Clerk is directed to unseal Exhibits 1 through 14 of the Declaration of Brian Lawler (Dkt. No. 76) and Exhibits 2 through 9 of the Declaration of Gene Stonebarger (Dkt. No. 83).

The clerk is ordered to provide copies of this order to all counsel.

Dated January 25, 2024.

Marsha J. Pechman
United States Senior District Judge