UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YASMINE MAHONE and BRANDON TOLE,

Plaintiffs,

v.

AMAZON.COM, INC., et al.,

Defendants.

CASE NO. C22-594 MJP

ORDER ON DEFENDANTS' MOTION TO SEAL

This matter comes before the Court on Defendants' Motion to Seal. (Dkt. No. 87.) Having reviewed the Motion to Seal and supporting materials, and noting the lack of any response or reply, the Court GRANTS in part and DENIES in part the Motion to Seal.

**BACKGROUND**

Defendants have filed a Motion to Seal in order to obtain permission to file unredacted copies of their Response to Plaintiffs' Motion for Class Certification, as well as portions of the Declaration of Brian Poole and the Report of Valentine Estevez. (Dkt. Nos. 88, 90, 102.)

Without any supporting declaration, Defendants assert that these materials "include personal identifying information, proprietary business information (specifically, performance metrics specific to Amazon's operational management), and confidential performance evaluation information for current non-party Amazon employees." (Mot. at 2.) And Defendants note that they designated these materials as "confidential" pursuant to the Stipulated Protective Order. For their part, Plaintiffs agree that personal identifying information should be redacted, but they have not stipulated to the Motion to Seal or filed an opposition. (Mot. at 6.)

**ANALYSIS**

The party seeking to keep material filed under seal must meet either the "good cause" or "compelling interest" standard. See Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016). The "compelling interest" test applies if "the motion [related to which the materials are filed] is more than tangentially related to the merits of a case." Id. Here, the compelling interest test applies, because the materials at issue involve Plaintiffs' Motion for Class Certification, which is "more than tangentially related to the merits of the case." Id.

Under the "compelling interest" test, the Court must "conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and quotation omitted). The Court may only seal records if it "base[s] its decision on a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." Id. (citation and quotation omitted). "The burden is on the party requesting a protective order to demonstrate that (1) the material in question is a trade secret or other confidential information within the scope of Rule 26(c), and (2) disclosure would cause an identifiable, significant harm." Foltz v. State Farm Mutual Auto. Ins. Co., 331 F.3d 1122, 1131

(9th Cir. 2003) (citation and quotation omitted). The Local Rules require the party seeking to keep materials under seal to show: (1) "the legitimate private or public interests that warrant the relief sought"; (2) "the injury that will result if the relief sought is not granted"; and (3) "why a less restrictive alternative to the relief sought is not sufficient." Local Civil Rule 5(g)(3)(B). "Evidentiary support from declarations must be provided where necessary." Id.

The Court agrees with Defendants and Plaintiffs that the personal identifying information in Defendants' filings concerning specific employees' ratings should be redacted from public filing. (Dkt. Nos. 88, 90, 102.) Specifically, the Court agrees that the personal identifying information about employee ratings mentioned in the Response (Dkt. No. 88), the Declaration of Brian Poole, and paragraph 51 of the Estevez Report should be redacted, and the originals kept under seal. Disclosure of this information could cause a significant harm to third parties and the countervailing need for the public to access this limited data does not outweigh that potential harm. The Court also finds that the public can otherwise understand and appreciate the merits of Defendants' position without this information. On this basis, the Court GRANTS the Motion.

The Court disagrees with Defendants that aggregate information about employee ratings should be sealed. Defendants provide no basis on which to find that revelation of this information would cause Defendants an identifiable, significant harm. Defendants present no affiant to support such a finding and the Court fails to see any compelling interest that would be served in hiding this information from the public. The information is relevant to the pending Motion, and it must be publicly accessible. As such, the Court DENIES the Motion as paragraph 47 of the Estevez Report and Table 9 to his report.

**CONCLUSION**

The Court agrees that Defendants' unredacted Response and the unredacted Poole Declaration should remain under seal. The Court also agrees that portions of the Estevez Report should be kept under seal, but only those portions which disclose specific employee ratings. The references to aggregate data in the Estevez Report must be made public. On this basis, the Court GRANTS in part and DENIES in part the Motion. The Court ORDERS as follows: (1) the Clerk shall maintain the filings in Docket Nos. 88, 90, and 102 under seal; and (2) within 5 days of entry of this Order, Defendants shall refile a publicly-accessible copy of the Estevez Report that contains no redactions to Paragraph 47 and Table 9.

The clerk is ordered to provide copies of this order to all counsel.

Dated March 6, 2024.

Marsha J. Pechman
United States Senior District Judge