UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YASMINE MAHONE and BRANDON
TOLE,

               Plaintiffs,

      v.

AMAZON.COM, INC., et al.,

               Defendants.

CASE NO. C22-594 MJP

ORDER ON LCR 37 JOINT
SUBMISSION REGARDING
DEPOSITION SUBPOENA

This matter comes before the Court on the Parties' LCR 37 Joint Submission Regarding Deposition to Gene J. Stonebarger. (Dkt. No. 105.) Having reviewed the Submission and all supporting materials, and having held oral argument on March 26, 2024, the Court GRANTS the Motion.

Defendants seek an order enforcing a deposition subpoena they issued to Plaintiffs' counsel, Gary Stonebarger. Defendants seek to depose Stonebarger about summations of data he prepared from a spreadsheet that Defendants provided in discovery and that form part of two declarations he has filed in support of Plaintiffs' Motion for Class Certification. (Dkt. Nos. 71 &

81.) Stonebarger avers he created the summations by "filtering" and "sorting" within Excel, but he does not provide any detail on how he did so. (See, e.g., Supplemental Declaration of Gary Stonebarger ¶¶ 3-4 (Dkt. No. 81).) Stonebarger asks the Court to admit the summations as evidence under Federal Rule of Evidence 1006. (Id.) Defendants contend that they cannot understand how precisely Stonebarger created the summations and insist that the summaries cannot be admitted unless they are given an opportunity to examine Stonebarger about how he created them. Defendants also point out that Stonebarger's declarations contain the following statement: "If called as a witness to this matter, I would and could truthfully and competently testify as to all matters stated herein." (Declaration of Gary Stonebarger ¶ 1 (Dkt. No. 71); Supplemental Stonebarger Decl. ¶ 1.) Defendants alternatively ask the Court to strike the summations if they are denied an opportunity to depose Stonebarger. At oral argument, Plaintiffs insisted that they would rather Stonebarger sit for a deposition than have the summations stricken. Defendants suggested that they now favor an order striking the summations, but indicated they were open to deposing Stonebarger, as originally requested.

The Ninth Circuit has generally endorsed the concept that a party may depose an individual who prepares a summary of evidence to learn how the summary was prepared. Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc., 772 F.2d 505, 515 n.9  (9th Cir. 1985). That flows from the concept that under Rule 1006, "[t]estimony from the preparer of the summary usually is required to establish the foundational facts necessary to establish relevance and authentication." Montana Land & Min. Owners Ass'n, Inc. v. Devon Energy Corp., No. CV 05-30-H-DWM, 2006 WL 1876859, at *3 (D. Mont. June 2, 2006). But these rules are in tension with the general principle that if the discovery can be obtained from sources other than counsel, the parties should

1    use them. See Microtouch, L.L.C. v. Doyle, No. C17-996 MJP, 2018 WL 4150906, at *1 (W.D.

2    Wash. Apr. 4, 2018).

3          The Court here finds that Stonebarger must sit for a deposition in order for the Court to

4    consider the admissibility of his data summations under Rule 1006. As the Court understands the

5    record, neither Defendants nor the Court has sufficient information to determine whether the

6    summaries are reliable and admissible under Rule 1006. And Stonebarger is the only person who

7    can testify and explain how he created the summations. Having put his own actions in creating

8    the summations at issue and identified his ability to testify about how he did so, Stonebarger

9    must sit for a deposition to answer questions about how he filtered and sorted the data to prepare

10   the summaries. And while Stonebarger is counsel, his decision to prepare and submit the

11   summations himself put his testimony squarely at issue and made it critical to the summations'

12   admissibility. So while the Court is hesitant to permit a deposition of counsel, it finds that doing

13   so here is necessary because Stonebarger is the only individual who can testify as to how the

14   summations were prepared. And while Plaintiffs express a concern about revealing attorney

15   work product, the Court finds no reason why this should prevent the deposition. Defendants are

16   entitled to ask Stonebarger about how he created the summations and the specific steps he took

17   to do so. The Court sees no reason why such questions would intrude on attorney work product.

18   But the Court cautions Defendants' counsel not to elicit testimony about the reasons why counsel

19   made certain filtering and sorting decisions. Instead, the deposition should focus on the

20   mechanics of how the data was filtered and sorted. And the Court will remain available to assist

21   the parties during the deposition if disputes arise.

22         The Court therefore ORDERS as follows: (1) Plaintiffs' counsel, Gary Stonebarger, must

23   sit for a deposition and answer questions as to how he prepared the summations of data contained

24

1   in his two declarations; (2) the deposition must occur by April 5, 2024 and it may occur by

2   videoconference; (3) local counsel for Plaintiffs must be present during the deposition; (4) the

3   Parties must work the Court's law clerk, Ian Mensher, to ensure the Court is available on the day

4   of the deposition; and (5) the Parties must file a copy of the complete deposition transcript as

5   soon as it becomes available. The Court will otherwise withhold ruling on Plaintiffs' Motion for

6   Class Certification until it reviews the deposition transcript.

7           The clerk is ordered to provide copies of this order to all counsel.

8           Dated March 27, 2024.

9

10          Marsha J. Pechman
            United States Senior District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24