UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YASMINE MAHONE and BRANDON TOLE,

               Plaintiffs,

     v.

AMAZON.COM, INC., et al.,

               Defendants.

CASE NO. C22-594 MJP

ORDER ON DEFENDANTS' MOTION TO SEAL

This matter comes before the Court on Defendants' Unopposed Motion to Seal. (Dkt. No. 114.) Having reviewed the Unopposed Motion to Seal and supporting materials, and noted the lack of any response or reply, the Court GRANTS the Motion.

**BACKGROUND**

Defendants have filed an Unopposed Motion to Seal in order to keep an unredacted copy of the transcript of Gary Stonebarger's deposition from being publicly viewed. (Dkt. No. 114.) Specifically, Defendants wish to seal portions of three lines of testimony on a single page of the

1  deposition transcript which mention the internal rating of a non-party Amazon employee.

2  Defendants suggest that this implicates the personal privacy of the employee and this non-public

3  information could be used to identify the person to their possible detriment. (See Mot. at 3-4.)

4  **ANALYSIS**

5      The party seeking to keep material filed under seal must meet either the "good cause" or

6  "compelling interest" standard. See Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092,

7  1101 (9th Cir. 2016). The "compelling interest" test applies if "the motion [related to which the

8  materials are filed] is more than tangentially related to the merits of a case." Id. Here, the

9  compelling interest test applies, because the materials at issue involve Plaintiffs' Motion for

10  Class Certification, which is "more than tangentially related to the merits of the case." Id.

11      Under the "compelling interest" test, the Court must "conscientiously balance[] the

12  competing interests of the public and the party who seeks to keep certain judicial records secret."

13  Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and

14  quotation omitted). The Court may only seal records if it "base[s] its decision on a compelling

15  reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or

16  conjecture." Id. (citation and quotation omitted). "The burden is on the party requesting a

17  protective order to demonstrate that (1) the material in question is a trade secret or other

18  confidential information within the scope of Rule 26(c), and (2) disclosure would cause an

19  identifiable, significant harm." Foltz v. State Farm Mutual Auto. Ins. Co., 331 F.3d 1122, 1131

20  (9th Cir. 2003) (citation and quotation omitted). The Local Rules require the party seeking to

21  keep materials under seal to show: (1) "the legitimate private or public interests that warrant the

22  relief sought"; (2) "the injury that will result if the relief sought is not granted"; and (3) "why a

23

24

1   less restrictive alternative to the relief sought is not sufficient." Local Civil Rule 5(g)(3)(B).

2   "Evidentiary support from declarations must be provided where necessary." Id.

3          The Court agrees with Defendants that the personal identifying information they wish to

4   keep sealed concerns a specific employee's ratings that should be redacted from public filing.

5   Specifically, the Court agrees that the personal identifying information about the employee

6   ratings mentioned on page 79 at lines 8, 21, and 22 should remain sealed. (See Dkt. No. 116

7   (sealed copy of Stonebarger Dep.).) Disclosure of this non-public information could cause a

8   significant harm to a third party, and the countervailing need for the public to access this limited

9   data does not outweigh that potential harm. The Court also finds that the public can otherwise

10  understand and appreciate the merits of Defendants' position without this information. On this

11  basis, the Court GRANTS the Motion.

12                                  **CONCLUSION**

13         The Court agrees with Defendants that the unredacted copy of the Stonebarger

14  Declaration should remain under seal. The Court GRANTS the Motion. The Court ORDERS the

15  Clerk to maintain the filings in Docket No. 116 under seal. The Court notes that a publicly-

16  viewable copy of the deposition transcript is available at Docket No. 115.

17         The clerk is ordered to provide copies of this order to all counsel.

18         Dated April 23, 2024.

19

20                                          Marsha J. Pechman
                                            United States Senior District Judge

21

22

23

24