UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRANDON TOLE, <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC., et al., <br><br> Defendants. | CASE NO. C22-594 MJP <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM DEADLINE AND LEAVE TO AMEND COMPLAINT |

This matter comes before the Court on Plaintiff's Motion for Relief from Deadline and Motion to Amend Complaint. (Dkt. Nos. 134 & 135.) Having reviewed the Motion, Defendants' Opposition (Dkt. No. 140), the Reply (Dkt. No. 141), and all supporting materials, the Court DENIES the Motion.

## BACKGROUND

Plaintiff Brandon Tole joined this lawsuit in January 2023, as one of three proposed class representatives who alleged Amazon had engaged in discrimination against military members on account of their service duties. (Second Amended Complaint (Dkt. No. 44).) As is explained in

the Court's Order on Defendants' Motion for Summary Judgment (Dkt. No. 127), Tole alleges that Amazon violated USERRA by failing to reemploy him with the same seniority and rights he would have enjoyed had he not taken military leave. This includes his tenure in the Amazon Pathways program, a program to help military members accelerate their professional development. (Id. at 6-8.)

Roughly one month before trial, Tole now seeks to amend his complaint to add a "retaliation" claim based on alleged events that range from November 2023 through October 2024. Tole alleges that he has still not been promoted despite what he claims to be good performance, including being put in a "stretch" role where he performed the duties of a higher-level employee. (Proposed Third Amended Complaint ¶¶ 46-54 ("TAC").) Tole alleges that he was placed into a "mock" promotion process in August 2024, but that he failed due to the structure of his responses to promotion-related questions, rather than the merits of his performance. (Id. ¶¶ 55-57.) He also alleges that he was sent an email notice that he would start the formal promotion process in October 2024, but his manager told him the email was sent by mistake and that he would have to wait until February 2025 to start a promotion process. (Id. ¶¶ 58.) Additionally, Tole alleges that on July 2, 2024, he was given notice that he would be removed from the Pathways Program due to his failure to promote L7 within 36 months. (Id. ¶ 50.) Tole asked for additional time to appeal the removal, but he does not allege that he actually appealed his removal from the Pathways Program. (Id. ¶ 51.) He alleges that by October 21, 2024 he was removed from the Pathway's "slack channel" and that no one has told him why. (Id. at ¶¶ 59-60.)

In the "claims" section of his proposed amended complaint, Tole alleges that his "protected status as a member of the military was a motivating factor in Amazon's denial of

benefits, conditions and privileges of Plaintiff's employment, to include failing to promote him because of his military responsibilities, removing him from the Pathways program, and retaliating against him for taking action to enforce USERRA's protections, i.e. filing the instant lawsuit." (TAC ¶ 77.)

## ANALYSIS

**A.    Legal Standards**

Leave to amend should be liberally granted when justice so requires. Fed. R. Civ. P. 15(a)(2). Rule 15 is "to be applied with extreme liberality." AmerisourceBergen Corp. v. Dialysist W., Inc., 465 F.3d 946, 951 (9th Cir. 2006). And leave should be granted unless there is evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962). "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

**B.    Leave to Amend Not Proper**

Considering the Foman factors, the Court does not find it proper to allow the proposed amendment.

First, the Court finds that Tole's last-minute request to amend reflects undue delay. Tole's new allegations build on the same core facts about which Tole has long been aware and which form the basis of his discrimination claim. Tole continues to allege facts showing that he has not been promoted, notwithstanding the fact that he continues to be employed and given opportunities to apply for promotion. Indeed, Tole concedes in his Reply that the "latest unlawful

conduct started in November 2023 and continued until October 21, 2024 (and perhaps later)[.]" (Reply at 2.) This belies the suggestion that the claim could not have been brought earlier. Nor does the Court find diligence in Tole's decision to now claim that he was removed from the Pathways Program in retaliation for his decision to sue Amazon. (See TAC ¶ 77.) Earlier in this case, Tole declared that he was warned in 2022 he might be removed from the Pathways Program for not being promoted to L7 within thirty-six months since his pre-leave work did not count towards his promotion. (Declaration of Brandon Tole ¶ 30 (Dkt. No. 124-20).) His present removal from the Pathways Program was thus well-known to Tole long before he was actually removed, and Tole has not alleged any facts that would link his removal from the Pathways Program to having chosen to file suit. Even if he had, he waited months after being removed from the Pathways Program in July 2024 to move to amend on October 30, 2024. The record before the Court shows undue delay that Tole fails to justify.

Second, Amazon would be prejudiced by Tole's late identification of his retaliation claim. Tole waited until just one month before trial to seek leave to amend, long after the May 2024 dispositive motion deadline. (See Dkt. No. 58.) Unless the Court were to extend the trial date—which both Parties have indicated to the Court during a pretrial conference that they oppose—Amazon would be forced to proceed to trial on an untested retaliation claim. And Amazon's response Tole's new complaint would not even be due until after trial. Tole's decision to ambush Amazon with a new claim whose facts were long ago known to him would unfairly prejudice Amazon. The Court finds that Amazon would be prejudiced by allowing this late amendment.

Third, the Court finds that the proposed retaliation claim is not adequately drafted, though the claim itself is not legally futile. Tole's retaliation claim in full is that Amazon has

"retaliat[ed] against him for taking action to enforce USERRA's protections, i.e. filing the instant lawsuit." (TAC ¶ 77.) But Tole fails to identify any factual allegations that would form the basis of any act of retaliation. He does not allege that he has not been promoted because he filed suit. Nor does he allege that his removal from the Pathways Program happened because he filed suit. Rather, the alleged refusal to promote him and exclusion from the Pathways Program form part of the same narrative that Amazon has discriminated against him for taking military leave, not for filing a lawsuit. There are no allegations that his participation in this lawsuit is the cause of these actions or omissions. As such, Tole's proposed allegations would not support a claim of retaliation. That said, the Court does not find the potential inclusion of a retaliation to be futile. That is because, with further leave of Court, it is possible that Tole could add sufficient allegations—if they exist—to overcome the obvious defects in his claim. But, as Amazon points out, any such claim would have to overcome the evidence that Amazon is merely proceeding on the same lines previously contemplated—which would defeat a claim of retaliation. See Clark Cnty. Sch. Dist. v. Breeden, 532 U.S. 268, 272 (2001).

Considering the Foman factors, the Court finds that the request amendment should not be granted. Both the undue delay and prejudice weigh heavily against granting leave to amend the complaint and these two factors merit denial of the Motion. See Eminence, 316 F.3d at 1052. While there is no legal futility in the amendment, the proposed complaint suffers from defects that would need to be further cured to satisfy the Court. This does not necessarily warrant dismissal, but it highlights the prejudice to Amazon. And while there is no evidence bad faith or failure to cure deficiencies by prior amendment, these two factors do not convince the Court that amendment would be proper. The Court therefore DENIES the request to amend.

      The Court notes, however, that Tole will be free to present testimony about how he has been treated and his current level of employment at trial. He may not, however, ask the jury to consider a stand-alone retaliation claim.

      The clerk is ordered to provide copies of this order to all counsel.

Dated November 15, 2024.

Marsha J. Pechman  
United States Senior District Judge