The Honorable Marsha J. Pechman

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| BRANDON TOLE, an individual, | **CASE NO. 2:22-CV-00594-MJP** |
| Plaintiffs, | |
| vs. | **PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS AND MEMORANDUM IN SUPPORT** |
| AMAZON.COM SERVICES LLC; a Delaware Limited Liability Company, | |
| Defendant. | NOTE ON MOTION CALENDAR: JANUARY 10, 2025 |

COMES NOW, Plaintiff Brandon Tole ("Plaintiff"), by and through the undersigned counsel, and hereby submits the following Motion for Attorneys' Fees and Costs and Memorandum of Points and Authorities in support of thereof.

I.     **INTRODUCTION**

The Court ordered Plaintiff to file his motion reasonable attorneys' fees and costs by December 20, 2024. Dkt. #144. The Parties filed the Stipulated Motion for Entry of Consent Decree on December 20, 2024 in advance of this Motion. Dkt. 147. In conjunction with entry of

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS AND MEMORANDUM IN SUPPORT

Page 1

PILOT LAW, P.C.
4632 Mt. Gaywas Drive
San Diego, CA 92117
Tel: 619-255-2398

1  the Consent Decree, and pursuant to 38 U.S.C. § 4323(h)(2), Plaintiff respectfully submits this

2  motion for **$1,630,585** in attorneys' fees, and **$15,442.11** in costs, and additional attorneys' fees

3  in preparing a reply brief if this motion is opposed.

4          The attorneys' fees and costs requested are reasonable, particularly considering the

5  aggressive litigation posture taken by Defendant Amazon.com Services, LLC ("Defendant" or

6  "Amazon"). Amazon forced Plaintiff to litigate his USERRA claim all the way through the eve of

7  trial and aggressively defended this case throughout. Having forced Plaintiff to incur these fees

8  and costs through its own conduct, Amazon should not be heard to complain now that they are

9  unreasonable.

10          **II.    BACKGROUND**

11          This action was initially filed as a putative class action on May 4, 2022, on behalf of

12  Plaintiff Yasmine Mahone and all others similarly situated. Dkt. 1. On August 10, 2022, a First

13  Amended Complaint ("FAC") was filed to add Plaintiff Dain Olson and all others similarly

14  situated. Dkt. 19.

15          On September 23, 2022, Defendant filed a Motion to Dismiss ("MTD") the FAC [Dkt. 28]

16  and on December 1, 2022, this Court issued an Order granting in part and denying in part the MTD.

17  Dkt. 34.

18          On January 4, 2023, Plaintiffs filed a Second Amended Complaint ("SAC") adding

19  Plaintiff Brandon Tole and all others similarly situated. Dkt. 44. On February 3, 2023, Defendant

20  filed a MTD the SAC. Dkt. 45. On April 7, 2023, after discovery and an evidentiary hearing

21  regarding Plaintiff Olson's claims, this Court issued its Findings of Fact and Conclusions of Law,

22  dismissing Plaintiff Olson's claims based on laches. Dkt. 56. On April 10, 2023, this Court issued

23  an Order denying Amazon's MTD as to Plaintiffs Mahone and Tole. Dkt. 57.

24          On October 13, 2023, Plaintiffs filed a Motion for Class Certification [Dkt. 70] and on July

25  29, 2024, this Court issued an Order Denying Plaintiffs' Motion for Class Certification. Dkt. 120.

26          On August 5, 2024, Amazon filed a Motion for Summary Judgment ("MSJ"). Dkt. 121.

27  PLAINTIFF'S MOTION FOR          Page 2          PILOT LAW, P.C.
    ATTORNEYS' FEES AND COSTS AND                   4632 Mt. Gaywas Drive
28  MEMORANDUM IN SUPPORT                            San Diego, CA 92117
                                                     Tel: 619-255-2398

1  On September 25, 2024, the Court granted summary judgment to Amazon as to Plaintiff Mahone's

2  claims but denied summary judgment as to Plaintiff Tole's claims. Dkt. 127.

3      On November 19, 2024, the Parties filed a Notice of Settlement as to all of Plaintiff Tole's

4  claims and causes of action. Dkt. 143.

5  **III.    LEGAL STANDARDS**

6      **A.    A Consent Decree Authorizes a Motion for Attorneys' Fees and Costs**

7      USERRA authorizes a court to "award any such person who prevails in such action or

8  proceeding reasonable attorney fees, expert witness fees, and other litigation expenses." 38 U.S.C.

9  § 4323(h)(2). Generally, "a plaintiff must prevail on 'any significant claim affording some of the

10 relief sought'" to obtain an attorneys' fee award. *Fink v. City of New York*, 154 F. Supp. 2d 404,

11 406 (E.D.N.Y. 2001), quoting *Texas Ass'n v. Garland*, 489 U.S. 782, 791 (1989). To qualify as a

12 *prevailing party,* a party must secure either a judgment on the merits or a court-ordered consent

13 decree. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.,* 532 U.S.

14 598, 604, (2001) ("[E]nforceable judgments on the merits and court-ordered consent decrees create

15 the 'material alteration of the legal relationship of the parties' necessary to permit an award of

16 attorney's fees.").

17     **B.    USERRA Reasonable Attorneys' Fees – Lodestar Method**

18     "The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing

19 perfection." *Fox v. Vice,* 563 U.S. 826, 838 (2011). The Supreme Court has emphasized that "the

20 determination of fees 'should not result in a second major litigation.'" *Id.* at 838 (citing *Hensley v.*

21 *Eckerhart,* 461 U.S. 424, 437 (1983)). To determine the fee award for a prevailing party, the Court

22 begins by calculating a lodestar "by taking the number of hours reasonably expended on the

23 litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1984); *see also,*

24 *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988), cert. denied 493 U.S.

25 1035 (1990); *Fischer v. SJB-P.D.* Inc., 214 F.3d 1115, 1119 (9th Cir. 2000) (citing *Hensley,* 461

26 U.S. at 433).

27  PLAINTIFF'S MOTION FOR                    Page 3         PILOT LAW, P.C.
    ATTORNEYS' FEES AND COSTS AND                            4632 Mt. Gaywas Drive
28  MEMORANDUM IN SUPPORT                                    San Diego, CA 92117
                                                             Tel: 619-255-2398

1    "The lodestar determination has emerged as the predominate element of the analysis' in

2    determining a reasonable attorney's fee award." *Morales v. City of San Rafael*, 96 F.3d 359, 363

3    (9th Cir. 1996) (quoting *Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987)). The

4    lodestar figure is presumptively reasonable. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).

5    "Under federal law, the Court determines the hourly rate by considering the 'evidence

6    produced by the parties, including fee rates of other attorneys in similar practices, awards in

7    comparable cases, counsel's experience and reputation level, and the market rates, as well as two

8    additional Kerr factors: the novelty/difficulty of the issues and the preclusion of other work.'"

9    *Kingston v. Int'l Bus. Machs. Corp.,* CASE NO. C19-1488 MJP, 1 (W.D. Wash. Jun. 29, 2021)

10    (quoting *Dang v. Cross*, 422 F.3d 800, 814 (9th Cir. 2005)).

11          **1.  Reasonable Hours**

12    The number of hours reasonably expended on a matter for the purpose of an attorney fee

13    award is the same hours the attorney would bill the client in a standard hourly fee setting. *Hensley*,

14    461 U.S. at 434. "Hours that are not properly billed to one's *client* also are not properly billed to

15    one's *adversary* pursuant to statutory authority." *Id*. (quoting *Copeland v. Marshall*, 205 U.S. App.

16    D.C. 390, 401 (1980) (emphasis in original)); *accord Moreno v. City of Sacramento*, 534 F.3d

17    1106, 1111 (9th Cir. 2008) ("The number of hours to be compensated is calculated by considering

18    whether, in light of the circumstances, the time could reasonably have been billed to a private

19    client").

20    A "district court can impose a small reduction, no greater than 10 percent—a 'haircut'—

21    based on its exercise of discretion and without a more specific explanation." *Moreno*, 534 F3d at

22    1112. "But gut feelings are not enough; if the district court is going to make substantial cuts to a

23    winning lawyer's fee request, it needs to explain why with sufficient specificity that the lawyer can

24    meaningfully object . . ." *Id.* at 1116 (vacating award and remanding matter where district court

25    failed to give clear explanation for a fee award that was approximately 40% lower than requested).

26    ///

27    PLAINTIFF'S MOTION FOR
      ATTORNEYS' FEES AND COSTS AND
28    MEMORANDUM IN SUPPORT

        Page 4        PILOT LAW, P.C.
                                   4632 Mt. Gaywas Drive
                                   San Diego, CA 92117
                                   Tel: 619-255-2398

### 2. Reasonable Hourly Rates

A reasonable hourly fee is the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 980 (9th Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 895 n.11). An attorney may establish the reasonable rate by declarations. *Id*. Fee awards made to the attorneys by other courts in the area are also competent evidence of the reasonable rate. *Id*.

Here, the hourly rates sought by Plaintiff's counsel are reasonable and comparable to prevailing rates in the market. Plaintiff's counsel has submitted the 2023 Litigation Hourly Rate Survey & Report published by National Association of Legal Fee Analysis ("NALFA") to support their hourly rates. Exhibit 3 to the Declaration of Gene J. Stonebarger ("Stonebarger Decl."); *see also* Declaration of Terry Jesse, National Association of Legal Fee Analysis, in Support of Plaintiff's Motion for Attorneys' Fees and Costs. Plaintiff's counsel has established through their respective declarations the significant experience and reputation levels that they possess, and the significant resources dedicated to this case. *See* Stonebarger Decl., Lawler Decl., Wilson Decl., and Kalish Decl. Further, this case presented novel and difficult issues against the largest private employer in the world. Among the novel and difficult issues was application of the law to the complicated promotion and compensation systems and methodologies utilized by Amazon. Even gaining access to relevant information relating to these systems and methodologies required Plaintiff's counsel to seek and obtain Court orders compelling their productions. Dkt. 77.

## IV.    ARGUMENT

### A. Plaintiff Tole has Prevailed on a Significant Claim which Authorizes an Attorneys' Fee Award

Through the Settlement Agreement and Consent Decree that will alter the legal relationship between the Parties, Plaintiff has prevailed on his USERRA claim affording him relief sought in this Action, which authorizes an award of reasonable attorney fees and other litigation expenses. 38 U.S.C. § 4323(h)(2). Plaintiff has found no case where a court denied a successful USERRA

PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES AND COSTS AND
MEMORANDUM IN SUPPORT

Page 5

PILOT LAW, P.C.
4632 Mt. Gaywas Drive
San Diego, CA 92117
Tel: 619-255-2398

1    plaintiff his attorneys' fee application. The cases focus, instead, on the calculation of the correct

2    fee owed to a successful USERRA plaintiff. *See, e.g. Serrichio v. Wachovia Securities, LLC*, 606

3    F. Supp.2d 256, 267 – 268 (D. Conn. 2009) ("As the prevailing party, [Plaintiff] is *entitled to* fees

4    and costs, which he may detail in an application filed in accordance with Federal Rule of Civil

5    Procedure 54(d)." (emphasis added)); *Fryer v. A.S.A.P. Fire Safety Corp.*, 750 F. Supp. 2d 331,

6    335 (D. Mass 2010) ("In light of plaintiff's recovery under USERRA, … he is a prevailing party

7    and thus *entitled* to attorneys' fees and costs." (emphasis added)).

8         It is difficult to imagine a more fitting case than this one for the award of attorneys' fees

9    under USERRA. First, without very experienced trial counsel well-versed in USERRA, Plaintiff

10   had little hope of vindicating his statutory rights intended to protect the nation's service members.

11   Second, USERRA's attorneys' fees provision was intended to attract capable counsel to undertake

12   just this sort of representation to protect service members who have protected us. Third, Amazon's

13   litigation conduct contributed to the protracted and labor-intensive nature of this case.

14        In the Ninth Circuit the degree of the attorneys' success "is the most critical factor in

15   determining the appropriate amount of attorney fees" to award a prevailing party. *Barnard v.*

16   *Theobald, 721 F.3d 1069, 1077 (9th Cir. 2013)* (citing *Henlsey*, 461 U.S. at 436) (internal

17   quotations omitted). There is no doubt that Plaintiff's legal team overcame substantial odds to

18   resolve this case and obtain significant recovery for Plaintiff Tole, despite Amazon's corporate

19   hubris. Indeed, Plaintiff's counsel fully vindicated the purposes of USERRA to his benefit.

### 1.   Plaintiff's Attorneys Seek Compensation for Actual Hours Worked

21        When an attorney represents a client but does not bill that client for services rendered, there

22   is a presumption that the hours spent were necessary. *Moreno*, 534 F.3d at 1112. In discussing a

23   fee awarded to a lawyer who prevailed on a civil rights suit under 42 U.S.C. § 1988, the Ninth

24   Circuit explained:

25        It must also be kept in mind that lawyers are not likely to spend unnecessary time
26        on contingency fee cases in the hope of inflating their fees. The payoff is too

27   PLAINTIFF'S MOTION FOR            Page 6        PILOT LAW, P.C.
     ATTORNEYS' FEES AND COSTS AND                   4632 Mt. Gaywas Drive
28   MEMORANDUM IN SUPPORT                            San Diego, CA 92117
                                                      Tel: 619-255-2398

1

2

3

uncertain, as to both the result and the amount of the fee. It would therefore be the highly atypical civil rights case where plaintiff's lawyer engages in churning. By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker.

4

*Moreno*, 534 F.3d at 1112.

5

6

      **a. All the time for which Plaintiff's Counsel seeks compensation was reasonably expended on the litigation and beneficial to Plaintiff Tole's claims**

7

8

9

10

11

12

13

It is expected that Amazon will attack Plaintiff's motion for the time Plaintiff's counsel spent on matters it does not deem "attributable to" Plaintiff Tole's claims, including, but not limited to, any time prior to Plaintiff Tole joining the lawsuit on January 4, 2023. However, if made this attack will miss its target. "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley,* 461 U.S. at 435. And "[i]n these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *Id.*

14

15

16

17

18

Attorneys entitled to fee awards may also seek their fees for pre-complaint investigation and preparation when that time is "reasonably expended *on the litigation.*" *Webb v. Bd. of Educ.*, 471 U.S. 234, 243 (1985) (emphasis in original) (quoting *Hensley*, 461 U.S. at 433). "Most obvious examples are the drafting of the initial pleadings and the work associated with the development of the theory of the case." *Id.*

19

20

21

22

23

24

25

26

In the real world, litigation can be complex, "involving multiple claims for relief that implicate a mix of legal theories and have different merits." *Fox,* 563 U.S. at 833. "Some claims succeed; others fail." *Id.* "In short, litigation is messy, and courts must deal with this untidiness in awarding fees." *Id.* Generally, "work on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved . . . and therefore no fee may be awarded for services on the unsuccessful claim." *Hensley*, 461 U.S. at 435. This rationale for discounting hours spent on unsuccessful claims does not apply, however, where both the successful and unsuccessful claims arose from the same common core of facts or were based on related legal theories. *Id.* This

27

28

PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES AND COSTS AND
MEMORANDUM IN SUPPORT

Page 7

PILOT LAW, P.C.
4632 Mt. Gaywas Drive
San Diego, CA 92117
Tel: 619-255-2398

1    is so because "[m]uch of counsel's time will be devoted generally to the litigation as a whole,

2    making it difficult to divide the hours expended on a claim-by-claim basis." *Id.* Thus, fees are

3    appropriately excluded from the lodestar only "when different claims for relief are not

4    interconnected, that is, when the claims rest on different facts and legal theories." *Figueroa-*

5    *Torres* v. *Toledo-Davila*, 232 F.3d 270, 278 (1st Cir. 2000) (citing *Coutin v. Young & Rubicam*

6    *P.R., 124 F.3d 331, 339 (1st Cir. 1997)*).

7              Attorney fee awards should also include the time spent preparing and litigating a motion

8    to obtain a fee award. *Camacho*, 523 F.3d at 981. "In statutory fee cases, federal courts, including

9    our own, have uniformly held that time spent in establishing the entitlement to and amount of fees

10   is compensable." *Id*. (citing *In re Nucorp Energy, Inc*., 764 F.2d 655, 659-660 (9th Cir. 1985), *see*

11   *also*, *Guerrero v. Cummings*, 70 F.3d 1111, 1113 (9th Cir. 1995) (holding that "fees on fees" are

12   generally recoverable)).

### b.   Tasks attributable to Mr. Tole's successful claims predate his addition to the Second Amended Complaint

15             Unsurprisingly, Plaintiff's counsel spent substantial hours investigating the original claims

16   asserted in the Complaint. This included a host of ethical, factual, and diligence responsibilities

17   required by Plaintiff's counsel to both the client and the court, such as reviewing the corporate

18   structure of Amazon and its relevant entities, their relationships with each other, their policies and

19   procedures related to their employees with military service obligations, and whether those policies

20   and procedures complied with USERRA, in general and specifically to each named plaintiff.

21             Furthermore, Plaintiff's counsel spent substantial hours researching the theories of liability

22   under USERRA and the case law to support them. This investigation and research, while predating

23   Mr. Tole's addition to the SAC in January 2023, certainly would have occurred even had the SAC

24   been the first pleading in the case. In other words, it was "work associated with the development

25   of the theory of the case" and accordingly, all this time was necessary and attributable to Mr. Tole's

26   ultimately successful claims *Webb*, 471 U.S. at 243. For instance, all the time spent on matters

1    such as researching and drafting the FAC and opposing Amazon's Motions to Dismiss, were of

2    the "same common core of facts or were based on related legal theories." *Hensley*, 461 U.S. at

3    435.

4            c.    **Tasks specific to Ms. Mahone and Mr. Olson are excluded from Plaintiff's calculations.**

5            Plaintiff's counsel have excluded tasks specifically related to Ms. Mahone and Mr. Olson,

6    and unrelated to Plaintiff Tole, from their respective lodestar calculations reflecting the attorneys'

7    fees sought through this motion. For example, tasks specifically attributable to Mr. Olson's laches

8    defense, such as his deposition and evidentiary hearing, and the entire meet and confer process

9    related thereto are not included; tasks specifically attributable to Ms. Mahone's claims for

10   liquidated damages and her deposition are not included. Yet, some of the tasks involved in this

11   litigation applied to *all* Plaintiffs, cannot be parsed, and/or would have been incurred in any event;

12   and are properly included in this motion.

13           For example, Plaintiffs did not propound their first set of discovery requests to Amazon

14   until June 2023, and were propounded by Plaintiffs Mahone and Tole jointly. And with very few

15   exceptions, the requests were similarly tailored to information and documents in Amazon's

16   possession, custody and control applicable to all the then-existing Plaintiffs, Ms. Mahone and Mr.

17   Tole, but not including Mr. Olson. These tasks were objectively necessary and attributable to Mr.

18   Tole's claims and cannot be severed without penalizing Plaintiff's counsel on a technicality.

19           **2.  Plaintiff's Attorneys' Regular Rates are Reasonable**

20           As the Ninth Circuit has explained,

21           [E]ven if an attorney is willing to agree to work on a case for less than a reasonable
22           fee, he will be entitled to a reasonable fee when the client asks that the fee be
             awarded out of the defendant's pocket. That creates no windfall for the attorney
23           because he will merely receive a reasonable hourly fee for all hours reasonably
             spent. And it creates no windfall for clients because statutory awards in excess of
24           private fee agreements should be used to compensate the attorney in full.

25   *US ex rel Virani*, 89 F. 3d 574, 578 (internal quotations and citations omitted)).

26           The rates of the attorneys of all four of the firms that represented Mr. Tole throughout this

27   PLAINTIFF'S MOTION FOR                     Page 9          PILOT LAW, P.C.
     ATTORNEYS' FEES AND COSTS AND                             4632 Mt. Gaywas Drive
28   MEMORANDUM IN SUPPORT                                     San Diego, CA 92117
                                                               Tel: 619-255-2398

1   litigation are comparable to "prevailing market rates in the relevant community." *See Gonzalez v.*

2   *City of Maywood*, 729 F.3d 1196, 1205-1206 (9th Cir. 2013). Furthermore, they reflect the specific

3   experience, and the expertise that Plaintiff's attorneys brought to this case, each with different skill

4   sets. Stonebarger Decl., Lawler Decl., Wilson Decl., and Kalish Decl.

5          Plaintiff's counsel's customary rate must also be measured against the prevalent market rate

6   in the district in which the relevant trial court sits. *See Blum*, 465 U.S. at 896, n.11; *see also*

7   *Gonzalez,* 729 F.3d at 1205-1206. As set forth in the NALFA Report at page 93 of Exhibit 3 to the

8   Stonebarger Decl., Plaintiff's counsel's hourly rates are comparable to the prevailing market rate

9   in the Seattle legal community for attorneys with similar experience, skill, expertise, and

10  reputation; which are premium Tier 4 rates falling into the top 14% of plaintiff attorneys' hourly

11  rates in complex litigation (ranging from $951 to over $1,300)., premium Tier 3 rates falling into

12  the top 38% (ranging from $701 to $950) and premium Tier 2 rates falling into the top 80%

13  (ranging from $451 to $700). Stonebarger Decl., Ex. 3, p. 93. Likewise, as set forth in the NALFA

14  Report, Plaintiff's counsel's hourly rates are comparable to the prevailing market rate nationally

15  for attorneys with similar experience, skill, expertise and reputation. Stonebarger Decl., Exhibit 3,

16  pp. 118, 124, 125 (reflecting national "2023 Rate Data for 23-25 Years of Litigation Experience"

17  showing premium Tier 4 hourly rates ranging from $951 to over $1,300, premium Tier 3 hourly

18  rates ranging from $701 to $950, and premium Tier 2 hourly rates ranging from $451 to $700).

19         In one of the only published opinions to specifically analyze a motion for attorneys' fees

20  in a USERRA case, a District Court found several factors that gave rise to an hourly rate above

21  the prevailing market rate. *Fink*, 154 F. Supp. 2d at 407-409.

22         The Court wrote:

23         [L]odestar traditionally reflects such factors as time and labor required, novelty
           and difficulty of issues, skill required, loss of other employment in taking the
24         case, whether the fee is fixed or contingent, time limitations imposed by the client
           or circumstances, the amount involved and result obtained, counsel's experience,
25         reputation and ability, the undesirability of the case and the nature and length of
           the relationship with the clients.

26

27  PLAINTIFF'S MOTION FOR              Page 10          PILOT LAW, P.C.
    ATTORNEYS' FEES AND COSTS AND                       4632 Mt. Gaywas Drive
28  MEMORANDUM IN SUPPORT                               San Diego, CA 92117
                                                        Tel: 619-255-2398

1   *Id.* at 407-408. The Court then opined, "In many of these respects, Fink's case was an exceptional

2   one." *Id.*, at 408. This case is also an exceptional one which required significant time, labor and

3   specialized litigation skills in dealing with novel and difficult issues against a large corporation

4   with practically unlimited resources available to it in defending the case.

5           Most illustrative of the similarities between *Fink* and the present case are the factors in

6   supporting the Court's decision to award a higher prevailing hourly rate: "quasi-contingent nature

7   of the representation, the riskiness of the case itself, the experience of Fink's counsel, and the fact

8   that Fink prevailed on absolutely all his claims." *Id.*

9           Plaintiff Tole's representation in this case was purely contingency. Lawler Decl., ¶ 15, Exh.

10  2. The risk in this case was significantly higher than most, given the odds of obtaining a unanimous

11  jury verdict against Amazon in its own backyard. The experience of Plaintiff Tole's counsel is

12  extensively described more completely below and in each respective Declaration; Mr. Lawler is a

13  23-year trial and appellate attorney and considered a national authority on USERRA, and is a

14  retired United States Marine Corps Lieutenant Colonel; Mr. Stonebarger is a highly respected 25-

15  year trial attorney with extensive class action, trial and appellate experience; Mr. Kalish is a 20-

16  year trial attorney with extensive employment law and trial experience; and Mr. Wilson is a nine-

17  year attorney, experienced in civil litigation, employment law, and USERRA, as well as an

18  actively-serving member of the United States Marine Corps Reserve Component, recently selected

19  for promotion to Lieutenant Colonel.

20          Accordingly, Plaintiff's counsel's rates are completely supported by the *Fink* factors and

21  should be approved. The chart below shows the hours worked, the hourly rates and the total

22  lodestar incurred by the respective attorneys for Plaintiff in this case:

23  ///

24  ///

25  ///

26

27  PLAINTIFF'S MOTION FOR                    Page 11          PILOT LAW, P.C.
    ATTORNEYS' FEES AND COSTS AND                              4632 Mt. Gaywas Drive
28  MEMORANDUM IN SUPPORT                                      San Diego, CA 92117
                                                               Tel: 619-255-2398

| ATTORNEY | HOURLY RATE | HOURS | LODESTAR |
|---|---|---|---|
| Gene J. Stonebarger | $1,200 | 664.9 | $797,880 |
| Brian J. Lawler | $900 | 601.4 | $511,120 |
| Kevin L. Wilson | $600 | 439.1 | $263,460 |
| Daniel Kalish | $775 | 68 | $52,700 |
| Jill Malat | $875 | 6.2 | $5,425 |
| **TOTALS** | | | $1,630,585 |

### a. Pilot Law, P.C.

Pilot Law's rates are comparable to those of other firms in San Diego and Seattle and reflect the specific experience and in fact expertise that Plaintiff's attorneys brought to this case. Lead counsel, Brian Lawler, has been practicing law since 2002 and has been a litigator for his entire career, with experience litigating cases all over the country. *See* Pilot Law firm resume, attached as Ex. 3 to Declaration of Brian J. Lawler ("Lawler Decl."); Lawler Decl. ¶¶ 2-7, 11, 12, 16. And since 2009, Pilot Law has concentrated its practice in USERRA law, protecting the rights of servicemembers in disputes with their civilian employers. *Id.*, ¶¶ 3, 4, 5, 6, 7. Mr. Lawler's billable rate for USERRA cases is $900.00 per hour and is well within the range of hourly rates for litigators in San Diego and Seattle with the experience level he has. *Id.* ¶¶ 11, 12; Declaration of Terry Jesse ("Jesse Decl."), Exh. 3 to Declaration of Gene J. Stonebarger ("Stonebarger Decl."); Stonebarger Decl., ¶ 9.

In addition, Mr. Lawler is considered a national authority on USERRA. Lawler Decl. ¶ 4. The Service Members Law Center ("SMLC") of the former Reserve Officers Association (now Reserve Organization of America) ("ROA") fielded USERRA inquiries from service members until it was disestablished in 2015. The ROA is one of the largest, and the only Congressionally chartered, lobby groups in the country whose primary function is to support members of the Reserve and National Guard. Lawler Decl. ¶ 4. Mr. Lawler is one of only a handful of attorneys nationwide to whom the SMLC referred USERRA cases. *Id.* Mr. Lawler has a published opinion

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS AND MEMORANDUM IN SUPPORT
Page 12
PILOT LAW, P.C.
4632 Mt. Gaywas Drive
San Diego, CA 92117
Tel: 619-255-2398

1   as lead counsel in a USERRA case that was the impetus in getting Congress to clarify USERRA

2   in 2011 and thereby statutorily overrule the Fifth Circuit's holding that harassment and hostile

3   work environment claims were not cognizable under USERRA. *Carder v. Continental Airlines*,

4   636 F.3d 172 (5th Cir. 2011); Lawler Decl. ¶ 3. And Mr. Lawler wrote an article on USERRA that

5   was published by the American Association for Justice and reprinted with permission by the

6   SMLC. Lawler Decl. ¶ 5.

7        Most recently, and perhaps most indicative of Mr. Lawler's expertise in USERRA, on June

8   29, 2022, the Supreme Court of the United States issued its opinion in *Torres v. Texas Dept. of*

9   *Public Safety*, 597 U.S. 580 (2022). The Court reversed a State of Texas intermediate appellate

10  court decision which held Texas was immune from a USERRA lawsuit brought in Texas State

11  Court. The Supreme Court's opinion means no State may assert sovereign immunity as a defense

12  to a USERRA lawsuit and paved the way for potentially tens of thousands of servicemembers

13  whose USERRA rights were violated by their State or State agency employers to bring these

14  lawsuits. Lawler Decl. ¶ 7. On September 29, 2023, after a five-day trial, a unanimous Texas jury

15  awarded Mr. Torres nearly $2.5 million in damages and a subsequent judgment by the Court

16  awarded him an additional $1.3 million in prejudgment interest. *Id*.

17       Several times since 2019, the Merit Systems Protection Board, the sole jurisdiction for

18  Federal employees with USERRA complaints, has awarded Mr. Lawler attorneys' fees of $700

19  per hour in USERRA cases. *See Woods v. Dept. of Veterans Affairs*, MSPB Docket No. CH-4324-

20  19-0031-A-1; *Colicelli v. Dept. of Veterans Affairs*, MSPB Docket No. DC-4324-19-0769-A-1;

21  *Colicelli v. Dept. of Veterans Affairs*, MSPB Docket No. DC-4324-19-0769-A-2; *Robinson v.*

22  *Dept. of Veterans Affairs*, MSPB Docket No. DC-4324-21-0219-C-1 (Motion for Enforcement);

23  and *Robinson v. Dept. of Veterans Affairs*, MSPB Docket No. DC-4324-21-0219-A-1. Lawler

24  Decl. ¶ 10.

25       The "lodestar" calculation for Pilot Law, P.C., then, is reflected by its billing records—as

26  it is the actual hours worked multiplied by the hourly rates to reach the actual fees accrued. Thus,

27  

28  

PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES AND COSTS AND
MEMORANDUM IN SUPPORT

Page 13

PILOT LAW, P.C.
4632 Mt. Gaywas Drive
San Diego, CA 92117
Tel: 619-255-2398

1  the total amount owed in attorneys' fees to Pilot Law, P.C. is $511,120.00. Pilot Law, P.C. also

2  has compensable litigation costs in the amount of $12,760.47.

### b. Stonebarger Law, A Professional Corporation

4  Gene J. Stonebarger, is the founder and owner of Stonebarger Law, APC. Mr. Stonebarger

5  has extensive experience in the prosecution of various areas of complex civil litigation including

6  USERRA Class Action litigation matters, consumer and employee Class Actions, and complex

7  business litigation. Stonebarger Decl., ¶2. Mr. Stonebarger has more than 25 years of experience

8  in litigating Class Actions, including more than 15 years of experience litigating USERRA cases.

9  *Id.* Mr. Stonebarger has successfully served as Class Counsel or Co-Class Counsel prosecuting

10  numerous Class Actions to Judgment against large corporations, through either trial or settlement,

11  recovering hundreds of millions of dollars in benefits for individuals across the country. *Id.* Mr.

12  Stonebarger's current resume setting forth his substantial experience in more detail is attached as

13  Exhibit 1 to the Stonebarger Decl.

14  In 2014, Mr. Stonebarger was the recipient of the Consumer Champion Award from the

15  Consumer Federation of California; and received the 2012 California Lawyer Attorney of the Year

16  Award (the "CLAY Award") from California Lawyer magazine for the significant impact his legal

17  work made in the area of Consumer Rights. *Id.* at ¶3. Mr. Stonebarger has been named as a Top-

18  Rated Northern California Super Lawyer in the area of Class Actions & Mass Torts for each of the

19  past 10 years 2014-2024, which is an honor given to the top 5% of attorneys in their respective

20  fields as voted on by their peers. *Id.*

21  Mr. Stonebarger has been involved in USERRA cases consistently over the past 15 years.

22  *Id.* at ¶5. Mr. Stonebarger served as Co-Lead Class Counsel, along with Mr. Lawler, on a USERRA

23  case against United Airlines which produced one of the largest monetary recoveries under military

24  rights laws in history. (*Duffer v. United Continental Holdings, Inc*., Northern District of Illinois,

25  Case No. 1:13-cv-03756). *Id.*

26  Throughout the prosecution of this case, Plaintiff's counsel attempted to litigate the case

27  PLAINTIFF'S MOTION FOR         Page 14         PILOT LAW, P.C.
    ATTORNEYS' FEES AND COSTS AND                  4632 Mt. Gaywas Drive
28  MEMORANDUM IN SUPPORT                          San Diego, CA 92117
                                                   Tel: 619-255-2398

efficiently, and to working cooperatively with Amazon from a procedural standpoint, to streamline the litigation. *Id.* at ¶6. Mr. Stonebarger worked with co-counsel to utilize case management strategies to focus the litigation and coordinate work amongst Plaintiffs' Counsel to avoid duplication and inefficiency in the litigation. *Id.* Stonebarger Law has implemented a timekeeping and cost reporting protocol for "sound billing practices" to ensure that attorneys' fees and litigation expenses incurred are fair and reasonable. *Id.*

Stonebarger Law committed significant resources to litigating this complex case and expended the time, energy and financial resources necessary to lead this litigation to a resolution achieving the relief sought by Plaintiff Tole. *Id.* at ¶7. Mr. Stonebarger has personally spent over 664 hours prosecuting this case to date. *Id.* Mr. Stonebarger has not included in its billing records any time incurred by members of his staff.

Mr. Stonebarger's current hourly rate for class action and complex business litigation is $1,200 per hour. *Id.* Stonebarger Law's current lodestar is $797,880. *Id.* In addition, Stonebarger Law has incurred compensable litigation costs in the amount of $2,681.64. *Id.* Due to the significant commitment of time and law firm resources that Stonebarger Law dedicated to this case, the firm was required to turn down other representation in potential cases in which Mr. Stonebarger's representation was requested. *Id.* Mr. Stonebarger's detailed time records reflecting the hours incurred in this litigation relating to Plaintiff Tole have been submitted in conjunction with this motion. Stonebarger Decl., Ex. 2. Time incurred in the litigation that was not related or beneficial to Plaintiff Tole was removed from the time entries, including the removal of time entries that related solely to Plaintiffs Olson and/or Mahone.

Mr. Stonebarger's current hourly rate of $1,200/hr. is consistent with the rates for an attorney with his stature, expertise, skill, experience and reputation in the legal community (the top 5% in Norther California as selected by his peers for the past 10 years, and the top attorney in California in the field of consumer rights in 2012); and the rate is comparable to the prevailing market rates in the Seattle legal community for an attorney of his skill, reputation, experience and

PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES AND COSTS AND
MEMORANDUM IN SUPPORT

Page 15

PILOT LAW, P.C.
4632 Mt. Gaywas Drive
San Diego, CA 92117
Tel: 619-255-2398

1  expertise in complex business litigation (a premium Tier 4 rate). Stonebarger Decl., ¶¶2-5, Ex. 3,

2  pp. 93, 125; *see also* Jesse Decl. Mr. Stonebarger's current hourly rate of $1,200/hr. was set in

3  December 2023 based on the data available in the 2023 Litigation Hourly Rate Survey & Report

4  published by the NALFA. Stonebarger Decl. at ¶9.

5  **c.  Kevin Wilson Law PLLC**

6  Kevin L. Wilson is the founder and owner of Kevin Wilson Law PLLC and is co-counsel

7  in this action. Mr. Wilson's rates are comparable to those of other firms in Seattle and reflect the

8  specific experience and expertise that Plaintiff's attorneys brought to this case. Mr. Wilson has

9  been practicing law since 2015 and has been a litigator for his entire career. He has represented

10  USERRA plaintiffs all over the country, and has handled complex litigation, such as high value

11  personal injury and insurance bad-faith cases, employment law investigations and cases - for both

12  workers and employers, as well as business law. (*Id*.)

13  The "lodestar" calculation for Kevin Wilson Law PLLC then, is reflected by its billing

14  records—as it is the actual hours worked multiplied by the hourly rates to reach the actual fees

15  accrued. Mr. Wilson is a premium Tier 2 attorney according to the NALFA data and his hourly

16  rate is $600/hour. Exh. 3 to Stonebarger Decl. Thus, the total amount owed in attorneys' fees to

17  Kevin Wilson Law PLLC is $263,460.

18  **d.  HKM Employment Attorneys LLP**

19  Daniel Kalish, a partner with HKM Employment Attorneys LLP ("HKM").  The attorneys

20  at HKM who worked on this case are also highly qualified, as explained in the Declaration of

21  Daniel Kalish, ¶¶ 2-9. Mr. Kalish has been practicing law for over twenty years, and he is the

22  founder and Managing Partner of HKM, a law firm with over thirty offices in over 20 states. Id. ¶

23  4. Mr. Kalish graduated Harvard College with honors and then attended Yale Law School, where

24  he was an editor of the Yale Law Journal.  *Id*. After law school, Mr. Kalish clerked for a federal

25  judge before working in commercial litigation defense (Wiggin and Dana LLP and Perkins Coie

26  LLP).  *Id*. After spending five years at the King County Prosecutor's Office, where he tried (first

27  PLAINTIFF'S MOTION FOR
   ATTORNEYS' FEES AND COSTS AND
28  MEMORANDUM IN SUPPORT

Page 16

PILOT LAW, P.C.
4632 Mt. Gaywas Drive
San Diego, CA 92117
Tel: 619-255-2398

1   chair) several cases, Mr. Kalish founded HKM. *Id*. at ¶¶ 4-5.

2       Jill Malat is an attorney with HKM Employment Attorneys LLP. Ms. Malat passed the July

3   1993 California bar exam, and the February 1994 Washington Bar exam after graduating from the

4   University of the Pacific McGeorge School of Law. Ms. Malat has over a decade of litigation

5   experience and has been working with HKM Employment Attorneys LLP since November 2023

6   practicing employment law exclusively.

7       The "lodestar" calculation for HKM Employment Attorneys LLP then, is reflected by its

8   billing records—as it is the actual hours worked multiplied by the hourly rates to reach the actual

9   fees accrued. Mr. Kalish and Ms. Malat are premium Tier 3 attorneys according to the NALFA

10   data; Mr. Kalish's hourly rate is $775 per hour and Ms. Malat's hourly rate is $875 per hour. Exh.

11   3 to Stonebarger Decl. Thus, the total amount owed in attorneys' fees to HKM Employment

12   Attorneys LLP is $58,125.

13   **V.  CONCLUSION**

14       For the foregoing reasons, Plaintiff respectfully requests that the Court grant this petition

15   for an award of attorneys' fees in the amount of **$1,630,585**, costs and expenses in the amount of

16   **$15,442.11**, and additional attorneys' fees if further briefing on this motion is necessary.

17

18                          *s/ Brian J. Lawler*
                             Brian J. Lawler (admitted *pro hac vice*)

19                           PILOT LAW, P.C.
                           4632 Mt. Gaywas Dr.

20                           San Diego, CA 92117
                           Tel: 619-255-2398

21                           Email: blawler@pilotlawcorp.com

22                           WSBA 35815

23                           Daniel Kalish, Esq.
                           HKM Employment Attorneys LLP

24                           600 Stewart Street, Suite 901
                           Seattle, WA 98101

25                           Telephone: 206-838-2504
                           Email: dkalish@hkm.com

26

27   PLAINTIFF'S MOTION FOR         Page 17       PILOT LAW, P.C.
   ATTORNEYS' FEES AND COSTS AND               4632 Mt. Gaywas Drive

28   MEMORANDUM IN SUPPORT                  San Diego, CA 92117
                                           Tel: 619-255-2398

1

2

Gene J. Stonebarger (admitted *pro hac vice*)
STONEBARGER LAW, APC
101 Parkshore Dr., Suite 100

3

Folsom, CA 95630
Tel: 916-235-7140
Email: gstonebarger@stonebargerlaw.com

4

5

Kevin L. Wilson (admitted *pro hac vice*)
KEVIN WILSON LAW PLLC

6

3110 Horton Avenue
Louisville, KY 40220

7

Telephone: 502-276-5050
Email: kevin@kwilsonlaw.com

8

9

*Counsel for Plaintiff*

10

11

12

**CERTIFICATE OF SERVICE**

13

14

I certify that on December 20, 2024, I electronically filed the foregoing document with the

15

Clerk of the Court using the CM/ECF system, which will send a notification of the filing to all

16

registered users of the CM/ECF system.

17

Dated: December 20, 2024

18

19

*s/ Brian J. Lawler*
Brian J. Lawler

20

21

22

23

24

25

26

27

PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES AND COSTS AND
MEMORANDUM IN SUPPORT

28

Page 18

PILOT LAW, P.C.
4632 Mt. Gaywas Drive
San Diego, CA 92117
Tel: 619-255-2398