The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| BRANDON TOLE, an individual,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>AMAZON.COM SERVICES LLC; a Delaware Limited Liability Company;<br><br>　　　　Defendant. | CASE NO. 2:22-CV-00594-MJP<br><br>**PLAINTIFF TOLE'S REPLY BRIEF TO AMAZON'S OPPOSITION TO HIS MOTION FOR LEAVE TO FILE THE CONFIDENTIAL SETTLEMENT AGREEMENT UNDER SEAL AND FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN RESPONSE TO THE COURT'S ORDER ON JOINT MOTION TO APPROVE CONSENT DECREE [DKT. 163]**<br><br>NOTE ON MOTION CALENDAR:<br>FRIDAY, FEBRUARY 21, 2025 |

　　　In its Opposition to Plaintiff Brandon Tole's Motion for Leave to File the Confidential Settlement Agreement Under Seal (hereafter "Motion"), Amazon spins a hollow tale about Plaintiff attempting to "circumvent the mutually agreed-upon confidentiality provision" in the Parties' settlement agreement. Dkt. 168, p.1. Amazon also claims the Motion should be denied as moot because this Court's Order on Plaintiff's Motion for Attorneys' Fees and Costs (hereafter "Order") has already been decided. *Id*.

　　　In fact, the Order specifically referenced the settlement agreement on four occasions in

Plaintiff's Reply to Amazon's Opposition to　　Page 1　　PILOT LAW, P.C.
his Motion for Leave　　　　　　　　　　　　　　　　　　　　　4632 Mt. Gaywas Drive
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　San Diego, CA 92117
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Tel: 619-255-2398

holding the Court could not determine whether Plaintiff was the prevailing party and what benefit(s) his counsel was able obtain for him, if any:

- Although the Court has approved a consent decree, it has not been provided with the terms of the **settlement agreement** or any basis on which to determine whether and to what extent Plaintiff has "prevail[ed]" on his USERRA claims;
- This puts this matter on different footing from Maher, where the district court knew that the **settlement agreement** afforded plaintiff a substantial benefit. 448 U.S. at 125, 129-30 (noting that the district court made a finding the plaintiff was the prevailing party and that she had a "substantial increase" in benefits);
- But without knowing the terms of the **settlement agreement**, the Court has not and cannot make any determination whether Plaintiff prevailed. And Amazon contests this point. As such, the Court cannot and does not find Plaintiff to be a prevailing party entitled to fees under USERRA; and,
- In total, the Court finds an award of $239,030.00 is a reasonable sum to be awarded as attorneys' fees in light of the skill, experience, and reputation of counsel, the limited success Tole achieved, and the absence of any information as to the **settlement agreement** and what benefit was conferred.

Dkt. 167, p.9: 4-16; p.18: 14-17 (emphasis added) (internal citations omitted).

Before ruling on the Motion for Attorneys' Fees and Costs, the Court made repeated reference to the settlement agreement in its Order granting the Parties' Joint Stipulated Motion for Entry of Consent Decree, in which it struck paragraph 7(c) from the Consent Decree, and held:

> The Parties have not provided the Court with a copy of the settlement agreement, and, as such, the Court is without any means of determining what relief may or may not have been accorded to Plaintiff and whether and how that is consistent with USERRA.

Dkt. 163, p.2:1-13.

Moreover, the Court indicated that it "remains open to further consideration of these proposed findings, but the Parties must provide sufficient information and explanation as to why such findings are proper." Dkt. 163, p 2:11-13. This was exactly the purpose of Plaintiff's Motion.

In short, this Court has indicated that it needs to see the settlement agreement, without which it could not make certain important rulings. And despite Amazon's baseless contention to the contrary, nothing about Plaintiff's Motion for Leave violates the confidentiality provision of the settlement agreement. Plaintiff's Motion has been filed to provide the Court with full

transparency of the specific settlement terms, such that the Court has adequate information available to reach the parties' requested findings and rulings regarding the Consent Decree and Fee Motion, respectively.

Amazon clearly does not want this Court to see the settlement agreement because it knows what relief Plaintiff obtained, it knows how significant that relief was (that statement does not violate any provision of the settlement agreement either), and it knows the Court may very well, and in Plaintiff's opinion should, reconsider both the Order on Joint Motion to Approve Consent Decree [Dkt. 163], and the Order on Plaintiff's Motion for Attorneys' Fees [Dkt. 167].

For the reasons set forth herein, and in his Motion, Plaintiff respectfully requests this Court order Plaintiff to file the Confidential Settlement Agreement under seal within three (3) days of entry of an Order Granting this Motion to File Under Seal.

DATED: February 21, 2025

*/s/ Brian J. Lawler*
Brian J. Lawler (admitted *pro hac vice*)
PILOT LAW, P.C.
4632 Mt. Gaywas Dr.
San Diego, CA 92117
Tel: 619-255-2398
Email: blawler@pilotlawcorp.com

WSBA 35815
Daniel Kalish, Esq.
HKM Employment Attorneys LLP
600 Stewart Street, Suite 901
Seattle, WA 98101
Telephone: 206-838-2504
Email: dkalish@hkm.com

Gene J. Stonebarger (admitted *pro hac vice)*
STONEBARGER LAW, APC
101 Parkshore Dr., Suite 100
Folsom, CA 95630
Tel: 916-235-7140
Email: gstonebarger@stonebargerlaw.com

Kevin L. Wilson (admitted *pro hac vice*)
KEVIN WILSON LAW PLLC
3110 Horton Avenue
Louisville, KY 40220
Telephone: 502-276-5050
Email: kevin@kwilsonlaw.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that on February 21, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notification of the filing to all registered users of the CM/ECF system.

Dated: February 21, 2025

*s/ Brian J. Lawler*
Brian J. Lawler