UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRANDON TOLE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>AMAZON.COM, INC., et al.,<br><br>　　　　　　Defendants. | CASE NO. C22-594 MJP<br><br>ORDER DENYING MOTION FOR LEAVE |

　　　This matter comes before the Court on Plaintiff's Motion for Leave to File the Confidential Settlement Agreement Under Seal and to File Supplemental Brief in Response to the Court's Order on Join Motion to Approve Consent Decree. (Dkt. No. 165.) Having reviewed the Motion, Defendants' Response (Dkt. No. 168), the Reply (Dkt. No. 169), and all supporting materials, the Court DENIES the Motion.

　　　Plaintiff asks for leave to file the Parties' confidential settlement agreement under seal and to provide further briefing in support of entry of an amended consent decree. Plaintiff is particularly concerned about the Court's refusal to include Paragraph 7(c) to the proposed

consent decree, and he believes that the Court should see the settlement agreement in order reconsider inclusion of that paragraph.

There are several flaws in Plaintiff's request. First, Plaintiff had an opportunity to present all of the materials that he believed were necessary for the Court to consider to rule on the proposed consent decree. Plaintiff provided no evidence on which the Court could have reasonably agreed to make the factual finding set out in Paragraph 7(c). It should have come as no surprise to either Party that the Court would not make a broad factual finding without evidence. Had Plaintiff wanted the Court to consider a factual record on which to make that finding, he should have included that information with the original filing. Second, to the extent that Plaintiff is prevented from filing the settlement agreement with the Court, that appears to be the result of his own knowing decision to enter into an agreement that barred him from doing so. Plaintiff should have considered this fact in negotiating and agreeing to such a provision. And it is not up to the Court to step in to remedy a problem of Plaintiff's own making and within his control. Third, in reading the correspondence between the Parties that is attached to the Motion, it appears that the Parties' settlement agreement would only allow filing the agreement itself if the Court orders it. As defense counsel explained in an email to Plaintiff's counsel: "We remind you of the mutual confidentiality provisions of the Settlement Agreement, which only permit it to be disclosed if Judge Pechman, on her own, orders it to be filed." (Declaration of Brian Lawler Ex. 1 at 4 (Dkt. No. 166-1 at 5).) Plaintiff appears to agree, and has gone so far as to argue to Defendants that "it is apparent that the Court is requiring the Settlement Agreement to be provided in order to make the material findings in the Consent Decree[.]" (Id. at 3-4.) Plaintiff is mistaken. While the Court pointed that it would consider further evidence presented by the Parties to support entry of proposed Paragraph 7(c) or other language, it did not order the Parties

1  to file the settlement agreement. The Court remains a neutral arbiter, not an advocate for either
2  side. As such, the Court has not and will not order the Parties to file the settlement agreement.
3       For these three reasons, all of which are adequate and independent bases, the Court
4  DENIES the Motion.
5       The clerk is ordered to provide copies of this order to all counsel.
6       Dated March 10, 2025.

                                    Marsha J. Pechman
                                    United States Senior District Judge